**Gregory T. COLBERT, Respondent,**

v.

**STATE of Missouri, FAMILY SUPPORT DIVISION, et al., Appellant.**

**No. WD 69137.**

Missouri Court of Appeals, Western District.

Sept. 30, 2008.

Robert D. Noland, Kansas City, MO, for appellant.

Charles S. Scott, Jr., Shawnee, KS, for respondent.

Before JAMES M. SMART, JR., P.J., LISA WHITE HARDWICK, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

The Family Support Division appeals the circuit court's judgment finding that Gregory T. Colbert's debt to the State of Missouri for child support arrearages was satisfied and that Colbert owed no further child support to the State. The Division contends that the circuit court lacked subject matter jurisdiction to rule that Colbert's debt to the State for child support arrearages was satisfied because no pleading existed before the court raising the issue and because the parties did not try the issue by express or implied consent. Although the circuit court had subject matter jurisdiction over the matter, we agree with the Division that the circuit court lacked the authority to enter a judgment which granted relief beyond that requested in the petition and that subject

matter jurisdiction was not properly invoked. We, therefore, reverse the circuit court's judgment.

Colbert is the father of M.C. In February 2006, the circuit court ordered Colbert to pay the State $12,658.68 due to Colbert's failure to pay child support and the child's receiving aid from the State. The circuit court ordered the Division to withhold $50.00 monthly out of Colbert's wages with Lowe's Home Improvement to pay the outstanding debt.

On May 15, 2006, Colbert filed a motion for contempt against the Division asserting that the Division violated the terms of the court's February 2006 order by intercepting his federal and state income tax refunds in the amount of $5,292.00 and applying that money to the debt that Colbert owed the State. Colbert contended that the court's February 2006 order provided for but one way that the State could collect its debt, that is, by withholding $50.00 per month from his income with Lowe's.

After a hearing on the motion for contempt, the circuit court declared on the record that the February 2006 order did not preclude the Division from taking Colbert's tax refunds and applying it toward the debt owed to the State. The circuit court, however, commented further:

> I suggest since he took on the child that let's call it quits.... I'm just saying let's call it quits. Let's just call it a fall. Okay? He is paid up. Let's just stop.... He is paid in full.... We're done. I will declare that the child support was paid.... I think it is equitable to just call this paid in full.

In response to the court's comments, the attorney for the State informed the court that nothing existed in the pleading asking the court to eliminate the debt owed. The court replied, "[G]iven the equity of it all I just don't think 50 bucks is doing any good. It is never going to get paid anyway at that rate."

On July 12, 2007, the circuit court entered an order denying Colbert's motion for contempt. The circuit court, however, also ordered that any child support arrearages accrued by Colbert were deemed satisfied and that no further child support arrearages were owed by Colbert to the State. On November 27, 2007, the circuit court deemed its July 12, 2007, order a judgment so the Division could exercise its right to appeal. On December 5, 2007, the Division filed its appeal with this court.

■ In its appeal, the Division asserts that the circuit court lacked subject matter jurisdiction to rule that Colbert's debt to the State for child support arrearages was satisfied because no pleading existed before the court raising the issue and because the parties did not try the issue by express or implied consent.[1]

■ Generally, a court is without authority to enter a judgment which grants relief beyond that which was requested in the petition. *In re Marriage of Boston,* 104 S.W.3d 825, 833 (Mo.App.2003) (citation omitted).[2] "The relief awarded in a judgment is limited to that sought by the

---

1. The Division also contends that, even if the circuit court had jurisdiction to rule on the issue, no substantial evidence existed to support the circuit court's judgment. Because we find that the circuit court lacked the authority to grant relief beyond what was requested in the pleadings, we need not address the Division's second point relied on. We note, however, that the evidence at the hearing on the motion for contempt established that Colbert paid only $8,588.00 of the $12,658.68 debt.

2. In *In re Marriage of Boston,* 104 S.W.3d at 833, this court's Southern District said, " '[a] court is without subject matter jurisdiction to enter a decree which grants relief beyond that prayed for in the petition.' " (Citation omitted). We do not, however, believe that the court is without subject matter jurisdiction in

pleadings." *Norman v. Wright,* 100 S.W.3d 783, 786 (Mo. banc 2003). "A judgment is void to the extent that it grants relief beyond what was requested in the pleadings." *In re Marriage of M.A.,* 149 S.W.3d 562, 570 (Mo.App.2004). However, "while Missouri courts are restrained from deciding an unpleaded factual issue, a court of equity can grant any relief warranted by pleaded issues whether or not it was specifically included in the prayer for relief," but only "when such relief is fully supported by facts which were either pleaded or tried by consent." *Feinberg v. Feinberg,* 924 S.W.2d 328, 330 (Mo.App. 1996).

Colbert's motion for contempt was the only pleading before the circuit court. In the motion, Colbert never alleged or requested the circuit court to find that his debt to the State was satisfied. Nor did Colbert present any evidence that would establish that he satisfied his entire debt to the State. Moreover, the State also did not expressly or impliedly consent to a trial of the satisfaction issue. *See City of Kansas City v. New York–Kansas Bldg. Assocs., L.P.,* 96 S.W.3d 846, 854 (Mo.App. 2002); Rule 55.33(b).

The circuit court, therefore, lacked authority to rule on an issue not raised by the parties through the pleadings nor tried by express or implied consent. We reverse the circuit court's judgment to the extent that it finds that Colbert's debt to the State for child support arrearages was satisfied and that Colbert owed not further child support to the State.

All concur.

such circumstances. The circuit court is merely without authority to grant relief beyond that prayed for in the petition because

subject matter jurisdiction was not properly invoked.