David C. McLEAN, et al., Appellant–
Respondent,

v.

FIRST HORIZON HOME LOAN
CORPORATION, Respondent–
Appellant.

Nos. WD 69505, WD 69529.

Missouri Court of Appeals,
Western District.

March 10, 2009.

Roy F. Walters, Kansas City, MO, for Appellant–Respondent.

Mark Alan Olthoff, Kansas City, MO, for Respondent–Appellant.

Before: VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge and ALOK AHUJA, Judge.

JOSEPH M. ELLIS, Judge.

This appeal arises from the resolution of disputed claims relating to the settlement of a class action suit against First Horizon Loan Corporation, formerly known as McGuire Mortgage Company ("First Horizon"). David C. and Holly E. McLean initiated the underlying litigation by filing a petition in the Circuit Court of Jackson County in November 2000, alleging violations of Missouri's Second Mortgage Loans Act, §§ 408.231, RSMo 2000, *et seq.*[1] The circuit court certified the matter as a class action in December 2002. After years of contentious litigation, in February 2007, the parties agreed to a comprehensive class action settlement, the terms of which were set forth in a 33–page Settlement Agreement.

The circuit court preliminarily approved the settlement on March 15, 2007. The Settlement Administrator, chosen by First Horizon and approved by the court, sent notice to thousands of class members who had obtained loans from First Horizon between November 1994 and April 2005, informing them that they had until May 31, 2007, to submit claims. The parties then moved the court to grant final approval of the class action settlement and the terms of the Settlement Agreement. The court entered its Final Order and Judgment approving the settlement on June 7, 2007, incorporating by reference all terms of the Settlement Agreement. There were no objections to the judgment, and no authorized motions were filed within thirty days of its entry.

The Settlement Agreement provided, *inter alia*, that the Settlement Administrator was to analyze each claim within seven days of receipt to determine whether the claim was valid and notify class counsel within seven days of his determination that a claim form was deficient and invalid. The Settlement Administrator was also required to determine which claims involved "bankruptcy loans," meaning loans that were made to class members who subsequently filed for Chapter 7 or Chapter 13 bankruptcy, which were subject to certain restrictions on the settlement benefit amount. First Horizon was permitted to challenge submitted claims by notifying class counsel within 90 days after the court finally approved the settlement, or by September 5, 2007.

The Settlement Agreement specified that the "challenge process" was set forth in ¶¶ 3.09 to 3.16. First Horizon could challenge a claim based on the calculated benefit amount (¶ 3.09) and/or the validity of the claim, including, but not limited to, alleged deficiencies in the claim form and eligibility for benefits on a bankruptcy loan (¶ 3.10). Paragraph 3.11 provided that all challenges to the claims were to be made "in good faith" and include a "reasoned explanation." In the event the parties were unable to informally resolve the challenges, ¶ 3.13 provided that "[a]ll challenges that are contested shall be submitted to [a] Special Master ... for resolu-

---

1. Roger K. and Eugenia M. Jones were subsequently added as individual plaintiffs, but we will refer only to the McLeans as plaintiffs and class representatives throughout this opinion for ease of reference.

tion."[2] Paragraph 3.16 then provided that "[o]nce a challenge is resolved, the validity and amount of the Claim shall be adjusted or approved accordingly, without right of further challenge or appeal."

Under ¶3.18, "[n]otwithstanding any other provision in this Agreement," if a party determined that "disputes, challenges, or other matters" concerning claims as to bankruptcy loans should be resolved by the bankruptcy court, that party was required to notify the other parties accordingly. The affected class members were then required to cooperate in seeking action by the bankruptcy court, and the claim would be treated as a disputed claim with respect to the timing of payment.

Paragraph 7.14 of the Settlement Agreement provided that "[a]lthough the Court shall enter a judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement." Similarly, the June 7, 2007 judgment stated that the court "retains exclusive jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement and of the Settlement Agreement."

On September 5, 2007, First Horizon submitted a form to class counsel challenging more than 1,700 of approximately 2,600 claims submitted by class members. The challenges were based on two grounds: (1) the claim forms were incomplete for various reasons and, therefore, were invalid; or (2) class members had bankruptcy loans and the bankruptcy trustee had not filed a separate claim form and, therefore, the class members were not entitled to the full settlement benefit. The parties were un-

able to informally resolve most of the challenges, so the contested challenges were submitted to the Special Masters for resolution. However, First Horizon asserted that, under ¶3.18 of the Settlement Agreement, it had the right to have the bankruptcy court decide all issues regarding challenges to claims concerning bankruptcy loans.

The Special Masters held hearings for 16 days, concluding on November 30, 2007, and they subsequently issued several orders denying the vast majority of First Horizon's challenges. As to the invalid claim forms, the Special Masters designated an additional time period to allow class members to submit amended forms because they found that the Settlement Administrator had failed to timely notify class counsel of the alleged deficiencies as provided by the Settlement Agreement and, therefore, precluded class members from curing any deficiencies as allowed by the Settlement Agreement. As to the bankruptcy loans, the Special Masters found that the Settlement Agreement required payment of the full settlement benefit amount, either individually to the class member or jointly to the bankruptcy trustee, even if the trustee did not submit a separate claim. The Special Masters further found that the Settlement Agreement provided that they were to be the final arbiters concerning the validity and amount of contested claims and that only issues relating to the distribution of any settlement benefit awarded to claimants with bankruptcy loans could be reserved for the bankruptcy court.

On December 4, 2007, First Horizon filed a Motion for Court Interpretation of Settlement Agreement and Enforcement

---

**2.** The parties agreed that retired circuit court judge William F. Mauer and retired U.S. magistrate judge Richard H. Ralston would con-

currently serve as Special Masters for this purpose, and those individuals were duly appointed by the court.

of Judgment ("Motion to Interpret and Enforce") in the circuit court. First Horizon asserted that the court had jurisdiction under ¶ 7.14 of the Settlement Agreement, which provides that "[a]lthough the Court shall enter a judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement." First Horizon requested the court to determine:

(a) whether Class Members who did not submit a Valid Claim Form by the Claim submission deadline (of May 31, 2007) should be permitted to file amended Claim Forms now (over six months after that deadline), even though the Settlement Agreement does not provide for such a process;

(b) whether, despite the clear language of ¶ 3.04 of the Settlement Agreement—which stipulates that, in the case of Bankruptcy Loans, $250 is to be paid to the borrower and the remainder to the trustee *if* the trustee filed a Claim—the entire Settlement Benefit for a Bankruptcy Loan must be paid if either the borrower-debtor *or* the bankruptcy trustee filed a Claim; and

(c) whether, under the unambiguous language of ¶ 3.18, First Horizon's intention to have the disputes, challenges and other matters concerning Bankruptcy Loans resolved by the Bankruptcy Court must be observed.

First Horizon argued that the Special Masters' resolution of the numerous challenges to claims "create[d] additional obligations under the Settlement Agreement and Judgment and [was] in complete contravention of what the Agreement and Judgment say."

The McLeans, as individuals and as representatives of the class, opposed the Motion to Interpret and Enforce, asserting that the court lacked jurisdiction because First Horizon was seeking a second ruling regarding the resolution of disputed claims. They argued that the Special Masters' rulings are final and binding under ¶ 3.16 of the Settlement Agreement, which provides that the rulings on challenges to claims are not subject to "further challenge or appeal." They further argued that, under Rule 75.01, the court lost jurisdiction thirty days after it entered its Final Order and Judgment approving the class action settlement and incorporating the Settlement Agreement on June 7, 2007, because no post-judgment motions were filed. In the event the court found that it had jurisdiction, the McLeans asserted that the Special Masters' rulings were proper and consistent with the terms of the Settlement Agreement.

On March 30, 2008, the circuit court entered its "Order" granting the Motion to Interpret and Enforce and issuing its "interpretation" that the Special Masters' rulings (1) allowing class members to submit amended claim forms, and (2) requiring First Horizon to pay the entire settlement benefit for timely filed claims involving bankruptcy loans were "proper and consistent with the Settlement Agreement." The court entered its "Judgment" to the same effect on June 30, 2008. First Horizon filed a notice of appeal on March 31, 2008, and the McLeans cross-appealed. The McLeans are treated as the appellants in this Court because they were the plaintiffs below. *Rule 84.04(j)*.

■ In their sole point of error, the McLeans assert that the circuit court lacked jurisdiction to grant First Horizon's Motion to Interpret and Enforce. They argue that the court had no jurisdiction to review the Special Masters' rulings on challenges to claims submitted by class members because the parties expressly agreed, under ¶ 3.16 of the Settlement Agreement, that such rulings would be

final and binding. The McLeans further argue that, under Rule 75.01, the court lost jurisdiction to modify or amend the judgment thirty days after it entered its Final Order and Judgment incorporating the terms of the Settlement Agreement on June 7, 2007, notwithstanding ¶ 7.14 of the Settlement Agreement and the similar provision in the June 7, 2007 judgment. They contend that the court erroneously modified or amended the judgment by granting First Horizon's motion and reviewing the Special Masters' rulings, effectively striking from the Settlement Agreement, which was incorporated into the judgment, the provision stating that such rulings were not subject to "further challenge or appeal."

First Horizon concedes that the circuit court had no jurisdiction to modify or amend its June 7, 2007 judgment, but it argues that the court retained jurisdiction to enforce the judgment as originally entered. First Horizon insists that the court did not modify or amend the June 7, 2007 judgment by granting its motion but, rather, that it merely enforced the original judgment by interpreting the language of the Settlement Agreement and determining whether the Special Masters properly interpreted its terms in ruling on the disputed claims. First Horizon contends that ¶ 3.16 of the Settlement Agreement precludes review of the Special Masters' determinations as to the validity and amount of claims but that ¶ 7.14, as well as the similar provision in the June 7, 2007 judgment, allows review of the Special Masters' interpretation of the terms of the Settlement Agreement, e.g., the procedures for submitting and challenging claims and the obligations of the parties once the disputes have been resolved.

■ As a preliminary matter, we must address this Court's jurisdiction. *Carney v. Yeager*, 231 S.W.3d 308, 310 (Mo.App. W.D.2007). The Missouri Supreme Court recently clarified the nature of an appellate court's jurisdiction when addressing a claim of lack of jurisdiction in the circuit court. In *In re Estate of Shaw*, 256 S.W.3d 72 (Mo. banc 2008), the Court stated that "[a]ppellate courts inherently have supervisory authority to confine a trial court to its jurisdiction." *Id.* at 77. The Court explained:

"While the language used in some of the cases is to the effect that where the trial court had no jurisdiction, the appellate court has none[, t]he better practice is to make clear that the appellate court has jurisdiction of the appeal but can not consider that appeal on its merits. It follows that this court has jurisdiction of this appeal but that its jurisdiction does not extend to a determination of the appeal on its merits unless the trial court had jurisdiction to determine the issues presented on their merits."

*Id.* (quoting *Shepler v. Shepler*, 348 S.W.2d 607, 609 (Mo.App. E.D.1961)). Accordingly, this Court has jurisdiction over this appeal, but if we find that the trial court lacked jurisdiction, as the McLeans contend, then our jurisdiction would not extend to a determination of the points in First Horizon's cross-appeal, as they go to the merits of the circuit court's ruling.

■ Because there were no postjudgment motions filed, the circuit's court's June 7, 2007 Final Order and Judgment became final thirty days after it was entered, or on July 7, 2007, and the court no longer had jurisdiction to amend the judgment. *State ex rel. Abdullah v. Roldan*, 207 S.W.3d 642, 646 (Mo.App. W.D. 2006). "[C]ourts have inherent power to enforce their own judgments and should see to it that such judgments are enforced when they are called upon to do so." *SD Investments, Inc. v. Michael–Paul, L.L.C.,* 157 S.W.3d 782, 786 (Mo.App. W.D.2005)

(internal quotations omitted). However, "[t]he trial court's inherent enforcement power applies to the judgment as originally rendered; the trial court's power to modify a judgment ceases when the judgment becomes final." *Id.* (internal quotation omitted). "Subject matter jurisdiction cannot be waived, nor can the parties by agreement confer subject matter jurisdiction upon the court." *Id.* at 785 (internal quotation omitted).

"The cardinal principle guiding contract interpretation is that the intention of the parties must be ascertained and given effect." *Jackson County v. McClain Enters., Inc.,* 190 S.W.3d 633, 640 (Mo. App. W.D.2006). "The plain, ordinary, and usual meaning of a contract's words are used, and the whole document is considered." *Id.* "In construing contractual provisions, this court is to avoid an interpretation that renders other provisions meaningless." *Nodaway Valley Bank v. E.L. Crawford Constr., Inc.,* 126 S.W.3d 820, 827 (Mo.App. W.D.2004).

As noted above, the McLeans contend that the circuit court exceeded its jurisdiction by granting First Horizon's Motion to Interpret and Enforce because it effectively amended the June 7, 2007 judgment well after the judgment had been finalized. They further contend that neither the court's inherent authority to enforce its judgment, nor ¶ 7.14 of the Settlement Agreement or the similar provision in the judgment conferred jurisdiction on the court to rule on the motion. They rely on *State ex rel. Abdullah v. Roldan,* 207 S.W.3d 642 (Mo.App. W.D.2006).

In *Abdullah,* the circuit court entered a judgment on October 4, 2005, approving a class action settlement which required the defendant to pay $6 million in attorneys' fees, plus expenses, to class counsel. *Id.* at 644. Class counsel subsequently became embroiled in a dispute with additional counsel concerning allocation of the award. *Id.* at 644–45. The additional attorneys filed suit, asserting that they were entitled to 10% of the attorneys' fees based on a separate referral agreement. *Id.* at 645. The parties did not dispute that the judgment in the underlying class action became final thirty days after it was entered, or on November 3, 2005. *Id.* Nevertheless, on February 3, 2006, class counsel filed a "Motion for Enforcement of this Court's Judgment and Order of Dismissal with Prejudice and Request for Declaratory Relief" in the circuit court. *Id.* The motion requested the court to find that the additional attorneys were not entitled to any of the fees because they failed to submit a timely application to the court, they failed to present any evidence of time and expenses that were allegedly incurred, and any agreement regarding division of the fees was unenforceable due to violation of ethical rules. *Id.* at 647 n. 5. The additional attorneys filed a motion to dismiss for lack of jurisdiction, which was overruled, and the additional attorneys filed a petition for writ of prohibition in this Court. *Id.* at 645.

Class counsel claimed that a provision in the judgment allowed the circuit court to retain jurisdiction over the fee dispute. *Id.* at 646. The provision at issue stated:

> Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over ... (b) further proceedings, if necessary, on applications for attorneys' fees, expenses, and costs in connection with the Litigation and the Settlement.... Among other things, this Court retains continuing jurisdiction over the Litigation to enforce Defendants' obligations under the Agreement ... and [to] pay Plaintiffs' Counsel and Plaintiffs' Class counsel any award of attorneys' fees and

reimbursement of expenses made by the Court. . . .

*Id.* This Court rejected that argument, holding that " '[t]he trial court's attempt to retain jurisdiction over this final decree is contrary to Rule 75.01 and without effect.' " *Id.* (quoting *Lacher v. Lacher,* 785 S.W.2d 78, 81 (Mo. banc 1990)). We found that the court lost jurisdiction over the judgment when it became final on November 3, 2005, and the language attempting to retain jurisdiction could be stricken without affecting the remainder of the judgment. *Id.* We acknowledged that the court retained jurisdiction to enforce the judgment as originally entered but stated that, despite the title of class counsel's motion, it was not truly a motion to enforce the judgment. *Id.* at 646–47. We found that the motion was seeking to have the court modify its original judgment to clarify to whom the attorneys' fees award should be paid and "to make factual and legal determinations that were presented to the [court] for the first time," which was beyond the court's jurisdiction after the judgment became final. *Id.* at 647. Accordingly, we remanded the case to the circuit court with directions to dismiss the motion for lack of jurisdiction. *Id.* at 647–48.

First Horizon attempts to distinguish *Abdullah,* asserting that the motion in that case requested the court to "do something it had not done in its final judgment," *i.e.,* determine whether the attorneys in the other firm were entitled to a portion of the attorneys' fees award. First Horizon contends that, unlike in *Abdullah,* its motion did not ask the circuit court to modify its final judgment to allow any recovery that was not provided for in the settlement agreement but merely requested the court to interpret and enforce the original language of the settlement agreement as incorporated into the judgment. In other words, it argues that it requested the cir-

cuit court to act to correct the Special Masters' "*overall* misinterpretation of the settlement agreement that created new obligations and procedures not agreed to by the parties."

We disagree. First Horizon's Motion to Interpret and Enforce clearly concerns the Special Masters' determinations regarding the amount and validity of disputed claims, which are clearly and unambiguously reserved for the Special Masters under the Settlement Agreement. As noted above, the Settlement Agreement provides that contested challenges based on alleged deficiencies in the claim forms and eligibility for benefits on bankruptcy loans, which are the two broad categories that First Horizon's challenges fell under, were to be submitted to the Special Masters for resolution under the claims "challenge process." The resolution of challenges to claims, whether based on amount or validity, necessarily involves interpretation of the applicable terms of the Settlement Agreement, and First Horizon's motion sought review of interpretations of the Agreement which the Special Masters only made in the course of resolving challenges to submitted claims. Paragraph 3.16 then clearly and unambiguously provides that once the Special Masters have resolved a challenge, "the validity and amount of the Claim shall be adjusted or approved accordingly, without right of further challenge or appeal." Thus, First Horizon's attempt to have the circuit court review the Special Masters' rulings, including their interpretations of the Settlement Agreement, is an attempt to have the court amend the judgment's incorporation of the provision that the Special Masters' rulings are final and binding as to the resolution of disputed claims.

Contrary to First Horizon's assertions, this conclusion does not render ¶ 7.14 or

the similar provision in the June 7, 2007 judgment meaningless. There are still any number of issues that could arise involving the enforcement of the judgment that do not involve the resolution of challenged claims, which the parties expressly agreed would be finally decided by the Special Masters. As in *Abdullah*, the circuit court's attempt to retain jurisdiction after the judgment became final for purposes other than enforcement of the judgment, as well as ¶ 7.14 in the Settlement Agreement, is contrary to Rule 75.01 and has no effect. Also as in *Abdullah*, these provisions can be stricken from the judgment and Settlement Agreement without affecting the remainder of those documents. The provisions are not necessary to retain the court's inherent power to enforce its judgment, including the terms of the Settlement Agreement.

For the foregoing reasons, the circuit court lacked jurisdiction to rule on First Horizon's Motion for Court Interpretation of Settlement Agreement and Enforcement of Judgment. Accordingly, the case is remanded to the circuit court with directions to dismiss First Horizon's motion. Our determination that the circuit court lacked jurisdiction to rule on the motion is also dispositive of First Horizon's cross-appeal attacking the merits of the circuit court's ruling, and the cross-appeal is, therefore, dismissed.

All concur.