

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| THOMAS M. BRUNS, | ) | No. ED110124 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 15SL-DR00242-01 |
| | ) | |
| COURTNEY C. BRUNS, | ) | Honorable Bruce F. Hilton |
| | ) | |
| Respondent. | ) | |
| | ) | Filed:  March 28, 2023 |

Kelly C. Broniec, P.J., Philip M. Hess, J., and James M. Dowd, J.

## OPINION

The dissolution decree entered in 2016 in this domestic relations case required Courtney Bruns (Wife) to remove Thomas Bruns (Husband) from the mortgage obligation on the marital home within one year of the decree's entry and required Husband to pay $500 in spousal support and $363 in child support per month.  Neither party complied with its obligation, so in early 2020, each filed a motion seeking to hold the other in contempt.  Following a hearing, the trial court denied both contempt motions but entered judgment ordering Husband to pay Wife $9,628 in back child and spousal support.

The trial court denied Husband's motion to vacate the judgment. Husband now appeals that denial asserting that the trial court erred (1) by ordering Husband to pay Wife arrearages[1] after the court had denied Wife's motion for contempt, and (2) by basing its award to Wife on exhibits that were not admitted into evidence. We affirm because Wife's motion, though titled "motion for contempt," also pleaded Husband's arrearages and prayed the court order him to pay them. As a result, the trial court had the authority to treat Wife's motion *both* as a motion for contempt *and* as a motion to enforce child and spousal support. We do not reach Husband's second point because he failed to raise it in his motion to vacate.

**Background**

On January 8, 2020, Husband filed a motion for contempt against Wife for her non-compliance with the parties' 2016 dissolution decree that ordered her to refinance the parties' mortgage to remove Husband's obligation on that mortgage. On March 3, 2020, Wife filed her own motion for contempt against Husband for his child and spousal support delinquencies in the amount of $10,267. On January 4, 2021, the trial court held a hearing on both motions.

In its judgment entered on July 29, 2021, the court found neither party in contempt. As to Husband's motion, the court found that Wife's failure to refinance the marital home was not willful, wanton, or contumacious. As to Wife's motion, the court found that Husband was not in contempt because he had a good faith basis to believe he was current on his support obligations based upon records from the Missouri Department of Child Services' website. Nevertheless, the court ordered Husband to pay $9,628 in back child and spousal support based upon the evidence adduced at the hearing that showed Husband's arrearages to be in that amount.

---

[1] Husband refers to the arrearages owed to Wife as "money damages." We reject the use of that phrase under these circumstances because the money the court ordered Husband to pay Wife is for delinquent child and spousal support. *See* section 452.335 and section 452.340.

In his motion to vacate the judgment filed on September 30, 2021, Husband cited a plethora of Supreme Court Rules (74.06(b)(3), 74.06(b)(4), and 74.03, 74.80, and 103.09) in support of his argument that the judgment was improper because it denied Wife's motion yet still granted her relief in the form of the award against Husband for his arrearages. On October 5, 2021, the court denied Husband's motion to vacate by stamping "Denied" directly on Husband's motion. On November 19, 2021, Husband filed his notice of appeal from that order but since the order was not denominated "judgment" or "decree" as required by Rule 74.01(a), it was not appealable and we directed Husband to supplement the record with an appealable judgment. He did so and this appeal follows.

## Standard of Review

"The trial court is vested with broad discretion when acting on motions to vacate judgments." *Anderson v. Central Mo. State Univ.*, 789 S.W.2d 41, 43 (Mo. App. W.D. 1990). "When reviewing the denial of a motion to vacate the dismissal of an action, we may only reverse when a review of the record clearly and convincingly reveals that the trial court has abused its discretion in denying the requested relief." *Manning v. Fedotin*, 64 S.W.3d 841, 844 (Mo. App. W.D. 2002). "An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances before the court at the time and is so unreasonable and arbitrary that it shocks one's sense of justice and indicates a lack of careful consideration." *Beverly v. Hudak*, 545 S.W.3d 864, 869 (Mo. App. W.D. 2018).

## Discussion

In his first point on appeal, Husband claims that the trial court erred in failing to vacate its July 29, 2021, award of $9,628 to Wife because when a motion seeking relief is brought before the court and the motion is denied, the relief sought within that motion must also be denied;

therefore, the trial court erred in awarding monetary relief to Wife after it had denied her motion for contempt in which she had sought that relief.[2]

Husband relies principally on the general rule that a court lacks authority to enter a judgment which grants relief beyond that which was requested in the petition. *Colbert v. State, Family Support Div.*, 264 S.W.3d 699, 701 (Mo. App. W.D. 2008). *Colbert* quoted the Missouri Supreme Court's opinion in *Norman v. Wright*, 100 S.W.3d 783, 786 (Mo. banc 2003) that "[t]he relief awarded in a judgment is limited to that sought by the pleadings." *Id.*

Although we certainly agree with this general principle, we are not persuaded that it applies to the circumstances of this case. First, the trial court did not award Wife any relief that was not "sought by the pleadings." *Id.* Wife sought an award for Husband's arrearages. Her motion alleged that Husband was in arrears, and, in the prayer, Wife requested that the Court "issue an Order compelling [Husband] to comply with all terms of the Judgment of this Court, including total payment of back child support and spousal support plus interest . . . ." In our view, the court treated Wife's motion as both a motion for contempt *and* as a motion to enforce the dissolution decree. Therefore, its judgment denying Wife's contempt motion but granting her the relief she sought in the form of back support payments due under the parties' divorce decree constituted entirely consistent holdings. Denying Husband's motion to vacate was not an abuse of its discretion.

We find ample support for our holding in Missouri law. First, that the motion was titled "motion for contempt" and did not include in its title anything concerning Wife's request for an

---

[2] Although it is difficult for us to discern, Husband seems to be asserting based on his mention of Rule 74.06(b) that the judgment was irregular. A judgment is irregular when it is "'achieved in a manner materially contrary to the law's established procedures for the orderly administration of justice." *Interest of B.K.B.*, 655 S.W.3d 16, (Mo. App. W.D. 2022) (quoting *Lambert v. Holbert*, 172 S.W.3d 894, 898 (Mo. App. S.D. 2005). Therefore, giving Husband the benefit of the doubt, we will treat his motion as a motion to vacate under Rule 74.06(b).

award of the arrearages is not determinative. "[A] legal document 'is not judged by its title but by its substance and content.'" *Wilson v. Wilson*, 640 S.W.3d 136, 139 (Mo. App. W.D. 2022) (quoting *State ex rel. Ashby Rd. Partners, LLC v. State Tax Comm'n*, 297 S.W.3d 80, 84 (Mo. banc 2009)). In *Wilson*, the court decided that the trial court appropriately treated Wife's motion, labeled as one for contempt, as a motion to enforce the terms of the parties' dissolution judgment. *Id.* In support of its holding on this issue, the court noted that "[i]t appears the amount awarded to Wife was intended to make her whole under the dissolution judgment . . . rather than to alter Husband's conduct[,]" which is the purpose of contempt. *Id.* at 139-40.

In contrast, in *Colbert*, 264 S.W.3d at 700, father filed a motion for contempt against the Family Support Division alleging that the Division violated the terms of a court order by intercepting his income tax refunds and using that money to pay his child support arrearages. The trial court denied Colbert's motion for contempt and declared Colbert's arrearages satisfied. The court of appeals held that the trial court lacked the authority to deny the motion for contempt and that Colbert no longer owed arrearages because there was no pleading before the court that raised that issue and because the parties did not try the issue by express or implied consent. *Id.* at 700-01.

Similarly, in *MacDonald v. Minton*, 142 S.W.3d 247, 251 (Mo. App. W.D. 2004), mother asserted the trial court erred in making any findings with regard to father's child support arrearage since the matter was neither pleaded nor tried and neither party requested the court determine the amount of any arrearage. Mother conceded that while evidence was offered regarding arrearages, it was only offered to prove the necessity of increasing child support, not for an arrearage determination or award. *Id.* at 252. The court of appeals agreed, holding that the issue was not tried by implied consent because the implied consent rule does not apply when the evidence is

5

relevant to an issue already present in the case. *Id.*; *City of Kansas City v. New York-Kansas Bldg. Associates, L.P.*, 96 S.W.3d 846, 854 (Mo. App. W.D. 2002).

This case differs from *Colbert* and *MacDonald* and more closely aligns with *Wilson* because here, Wife <u>pleaded</u> in her motion that Husband was in arrears since he did not begin paying child support until October 2017 and spousal support until March 2018. She also pleaded that "[Husband's] disregard for the judgment of this Court is so egregious that he should be held in contempt of court *and be forced to pay child support and spousal support that is in arrears, $10,267, in compliance with such Order . . . .*" (Emphasis added). Moreover, Wife asked the court to "enter its Order finding that the [Husband is] in contempt of court *and* to issue an order compelling [Husband] to comply with all terms of the Judgment of this Court, including payment of child and spousal support." Therefore, like *Wilson*, we find that the trial court's award was intended to make Wife whole pursuant to the dissolution judgment, rather than to alter Husband's conduct. *Wilson*, 640 S.W.3d at 139-40.

Finally, we confirm the trial court's authority to enforce the parties' original divorce decree in the manner it did. While a court cannot modify a final judgment, "'a court generally has the inherent power to make such proper orders as are necessary to effectuate its decrees.'" *State ex rel. Cullen v. Harrell*, 567 S.W.3d 633, 639 (Mo. banc 2019) (quoting *Benton v. Alcazar Hotel Co.*, 194 S.W.2d 20, 24-25 (Mo. 1946)). This includes dissolution judgments. *Id.* In *Cullen*, our Supreme Court found that the trial court's judgment did not modify or grant Wife any additional relief from the dissolution judgment. *Id.* Rather, the court's order was merely enforcing the judgment. *Id.* "Circuit courts 'have [the] inherent power to enforce their own judgments and should see to it that such judgments are enforced when they are called upon to do so.'" *Id.* (quoting *McLean v. First Horizon Home Loan Corp.*, 277 S.W.3d 872, 876-77 (Mo. App. W.D. 2009)).

6

Similarly, here, the trial court did not modify the dissolution judgment or grant relief pursuant to the judgment; the trial court only enforced the judgment.

Therefore, based on the foregoing principles, the trial court's decision was correct and was not an abuse of discretion. Point I is denied.

In his second and final point on appeal, Husband argues that the trial court's award of back support improperly relied on exhibits that were not admitted into evidence. Husband did not raise this argument in his motion to vacate and therefore the issue is not preserved for appellate review. "Our Court will not consider an argument that was not presented to the trial court and made for the first time on appeal." *Solomon v. St. Louis Cir. Att'y*, 640 S.W.3d 462, 463 (Mo. App. E.D. 2022). "Simply put, a party cannot rely on one theory to set aside a judgment before the trial court then, when unsuccessful, rely upon a different theory on appeal." *McGee ex rel. McGee v. City of Pine Lawn*, 405 S.W.3d 582, 587 (Mo. App. E.D. 2013) (internal citations omitted). Moreover, Husband's claim is without merit because the exhibits were, in fact, admitted into evidence by the trial court. Point II is denied.

## Conclusion

For the reasons set forth above, we affirm the trial court's denial of Husband's motion to vacate the judgment which ordered Husband to pay to Wife $9,628 in child and spousal support arrearages.

_____
James M. Dowd, Judge

Kelly C. Broniec, P.J., and
Philip M. Hess, J. concur.

7