C. Tom FOSTER, and Nite Signs, Inc.,
Plaintiffs-Appellants,

v.

Richard C. KOHM, and Nite Sign
Manufacturing Co., et al.,
Defendants-Respondents.

No. 45924.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 18, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 30, 1983.

Application to Transfer Denied
Jan. 17, 1984.

Rene E. Lusser, St. Louis, for plaintiffs-appellants.

Steven G. Schumaier, Brian A. McKinsey, Clayton, for defendants-respondents.

SNYDER, Presiding Judge.

This is an appeal from a judgment on a motion to enforce a settlement agreement provision requiring an accounting between two corporations. The Circuit Court of the City of St. Louis granted the motion and entered a judgment of $78,580.78 against plaintiff C. Tom Foster, individually, and Nite Sign, Inc. They now appeal. The judgment is reversed and remanded for a new trial.

Appellants assert the trial court erred in: (1) entering a personal judgment against C. Tom Foster; (2) failing to grant appellants' oral motion for a continuance or to strike respondent's pleadings; (3) refusing to admit testimony and exhibits based on documents already received in evidence; and (4) in imposing sanctions against appellants for failure to comply with a court order. Only points (3) and (4) need be discussed.

This case began with a simple accounting between two corporations, but through a myriad of legal faux pas, maneuvers and apparent misunderstandings, it soon erupted into a bitter and somewhat confusing conflict. Appellant C. Tom Foster and respondent Richard C. Kohm are the joint owners of a patent on electronic, computer-driven signs which flash messages by means of electric light bulbs. In 1977, they entered into an oral agreement whereby Kohm would incorporate a company to manufacture the signs (respondent Nite Sign Manufacturing Co.) and Foster would incorporate a separate and distinct company to market, distribute and sell those signs (appellant Nite Sign, Inc.). The parties also agreed to share certain profits and losses from those businesses.

Appellant Foster subsequently filed suit, individually and on behalf of Nite Sign, Inc., on August 17, 1979, alleging that respondent Kohm, individually and through Nite Sign Manufacturing Co., and his wife, Linda Kohm, were fraudulently selling the signs without accounting to Nite Sign, Inc. The appellants requested injunctive relief and an accounting.

No responsive pleading was filed, but an attorney entered his appearance for the defendant-respondents and continued the hearing on the trial court's order to show cause. The parties subsequently, on August 30, 1979, entered into a settlement agreement. All of the terms and conditions stipulated to were performed or excused except paragraph ten of the agreement, which provided for an accounting between the two corporations.

Respondents filed a motion to enforce paragraph ten of the agreement on July 20, 1981. On August 7, 1981, the matter was continued until September 4, 1981, at which time the parties agreed to an accounting within 30 days. The accounting was not accomplished and the trial court set aside its September 4 order and ruled that the cause was to be reset on application of the petitioners.

Respondents then called up their motion to enforce paragraph ten of the settlement agreement on March 26, 1982 at a Friday motion docket. The trial judge and the parties conferred in an attempt to resolve some of the problems in connection with the accounting. The cause was then set by the parties for an evidentiary hearing on April 28, 1982. The trial judge issued a court memorandum on March 26, 1982 that read:

> Pre-trial conference held. Parties appear by attorneys. Parties directed, prior to trial, to furnish the Court with a written stipulation of all uncontested facts, a written stipulation as to which exhibits may be introduced in evidence without objection or preliminary identification and to file written objections to all other exhibits, to show their exhibits to all other parties, to have their exhibits marked prior to trial, and to submit a trial brief prior to trial, citing authorities in support of their legal theories.

On April 2, 1982, appellants' counsel served a motion on respondents' counsel to produce a lengthy list of documents deemed necessary to perform the accounting between the two corporations. The motion requested the documents by April 16, 1982. Some documents were delivered to appellants, but the request for the others was objected to in a response to the motion to produce filed April 26, 1982, two days before the evidentiary hearing was to be held. Appellants averred that respondents nonetheless agreed to produce the objected to documents, including personal records of respondent Richard C. Kohm, on April 27, 1982, the day before the trial, but that respondents failed to do so.

Respondents followed the direction of the trial court by filing a stipulation of uncontested facts, list of exhibits and trial brief on the morning of the trial. Appellants' counsel was given copies of these filings, also on the morning of the trial.

Appellants failed to file a written stipulation of uncontested facts or agreed to exhibits, a list of exhibits or a trial brief, purportedly because they were not shown the anticipated exhibits of respondents or their proposed stipulation of facts before the morning of the trial. Appellants did not believe any facts were uncontested until the morning of the trial. The appellants claimed they did not submit a trial brief because there were no legal issues involved, only factual issues relating to the accounting.

Appellants moved orally for a continuance, or in the alternative, to strike respondents' pleadings because respondents had failed to produce the documents requested by appellants, which were necessary to a full accounting. The motion was denied, but the trial court refused to state its reason for the denial.

After considerable colloquy between the trial judge and counsel for the parties concerning the pre-trial order of the court, the compliance or noncompliance of the parties, and appellants' reasons for not complying, evidence was taken. The trial court rendered judgment against appellants in the sum of $78,580.78.

In its judgment, the trial court imposed sanctions against appellants by striking plaintiffs' Exhibit 2 and all testimony pertaining to the exhibit, but stated that the exhibit was, in addition, inadmissible on

substantive grounds. Therefore, said the trial court, the plaintiffs were not penalized because of the court's sanction.

■ If the Exhibit 2 evidence were inadmissible on substantive grounds, it would be unnecessary to consider whether the sanctions imposed on appellants by the trial court were justified. The trial court, however, erred in finding that Exhibit 2 and related testimony were inadmissible.

The court's substantive reason for refusing to admit the exhibit and the testimony was that it was based on bank statements which were not in evidence. All of the bank statements upon which the summary in plaintiffs' Exhibit 2 was based had already been admitted into evidence in respondents' Exhibit L, prior to appellants' offer of evidence relating to their Exhibit 2. Having been admitted as an exhibit for the respondents, the bank statements could be used by the appellants in their case. *Bolhofner v. Jones,* 482 S.W.2d 80, 85[5, 6] (Mo.App.1972). Therefore, Exhibit 2 and related testimony should have been admitted unless the sanctions were justified.

Did the trial court err in imposing sanctions? This court finds that it did.

Both parties agree that the March 26, 1982 memorandum of the trial court, which the court in its judgment styled a "Pretrial Discovery Order," was issued pursuant to Rule 62.01 which reads:

In any civil action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider:

(1) The simplification of the issues;

(2) The necessity or desirability of amendments to the pleadings;

(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

(4) The limitation of the number of expert witnesses;

(5) The advisability of a preliminary reference of issues to a master for findings to be used as evidence when the trial is to be by jury;

(6) Such other matters as may aid in the disposition of the action.

The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed by admissions or agreements of counsel; and such order when entered controls the subsequent course of the civil action, unless modified at the trial to prevent manifest injustice.

Rule 62.01 is patterned after Rule 16 of the Federal Rules of Civil Procedure. No sanctions are provided for in the rule. There is no case law in Missouri supporting the imposition of such sanctions, although a trial judge has the inherent power to enforce compliance with his reasonable orders.

■ The federal courts, however, have recognized the authority of the trial courts to impose sanctions for the failure to comply with a pre-trial order. *Matheny v. Porter,* 158 F.2d 478, 480[3] (10th Cir.1946); See also *McDonald v. Bowles,* 152 F.2d 741, 743 (9th Cir.1945). A trial court, therefore, may, at its discretion, impose sanctions when they are justified, considering the conduct of the parties and counsel.

■ The question is whether the sanctions against appellants here were justified. A thorough perusal of the record and the transcript of the trial in its initial stages convinces this court that there was an abuse of discretion on the part of the trial court in imposing the sanction of striking plaintiffs' Exhibit 2 and testimony pertaining to it.

Appellants' Exhibit 2 was a summary of the receipts and disbursements shown on Nite Sign, Inc.'s bank statements and a calculation of the net loss incurred by Nite Sign, Inc. during the accounting period. It was prepared by appellants' expert witness, a certified public accountant, whose testimony concerning the exhibit was stricken along with the exhibit itself. The exhibit and the testimony were an essential part of appellants' case. Elimination of this impor-

tant evidence from consideration completely destroyed appellants' case and permitted what amounted to a default judgment against them.

■ Dismissal of an action for failure to comply with a pre-trial order is "a harsh sanction which the court should order only in extreme situations showing 'a clear record of delay or contumacious conduct' by a party." *Carter v. City of Memphis, Tenn.,* 636 F.2d 159, 161[1–3] (6th Cir.1980). The imposition of the sanctions here was tantamount to dismissal.

In *DeMarines v. KLM Royal Dutch Airlines,* 580 F.2d 1193, 1201–1202[8] (3rd Cir. 1978), it was held that where the defendant did not conform precisely to pre-trial notice requirements, but the evidence in question was of critical importance to defendant's case, it was error to exclude it.

Admittedly, appellants did not comply with the court's "pre-trial order." They could not supply a list of, or objections to, the exhibits because they were not furnished the documents they requested, and they did not know those documents would not be furnished until the morning of the trial. At that time, they moved orally for an order compelling respondents to comply under Rule 61.01(d), but the trial court denied that motion without giving any reason for its denial.

Appellants argue there were no uncontested facts, making a stipulation of uncontested facts unwarranted. It appears to this court, from a review of the record, that there was very little that the parties could agree on that was material to an accurate accounting.

Appellants claim also that there were no legal issues so a trial brief was unnecessary. Indeed, the only issue discussed in respondents' page-and-a-half trial brief was whether the terms of a settlement agreement may be enforced by motion. Appellants did not contest that legal point.

Trial judges should have authority to move cases expeditiously by controlling their courts and the progress of legislation. This court is sympathetic with the problems a trial judge faces in attempting to speed up litigation. But here there was no bad faith, willfulness or contumacious conduct on the part of appellants to justify the elimination of appellants' key piece of documentary evidence and the expert testimony relating to it. The sanctions were unduly severe and unwarranted under the circumstances.

For the foregoing reasons, the judgment is reversed and the cause remanded.

DOWD, C.J., and GAERTNER, J., concur.