**CHESTER BROSS CONSTRUCTION COMPANY, Appellants,**

v.

**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS, DIVISION OF LABOR STANDARDS, Respondent.**

**No. ED 81440.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 22, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 10, 2003.

Application for Transfer Denied
Aug. 26, 2003.

Michael E. Kaemmerer, St. Louis, MO, for Appellant.

Michael E. Cook Pritchett, Jefferson City, MO, for Respondent.

GEORGE W. DRAPER, Judge.

Chester Bross Construction Company (hereinafter, "Company") filed a declaratory judgment suit against Missouri Department of Labor and Industrial Relations, Division of Labor Standards (hereinafter, "the Division") seeking to exempt its mechanic who repairs, services, and maintains Company's construction machinery on the site of a public construction project from the Prevailing Wage Act (hereinafter, "the Act"), Sections 290.210 to 290.340 RSMo (2000)[1]. Following submission of stipulated facts, the trial court held the Act applied to the mechanic and entered judgment against Company. Company appeals.

The stipulated facts are as follows: The mechanic performs services on and off the site of the public works project. The only work subject to this lawsuit is that performed on the construction site, and the compensability of work performed off-site is not before the court. The work performed by the mechanic subject to this lawsuit is the repair, service and maintenance of various pieces of Company's construction equipment. By way of illustration, the mechanic will maintain and/or repair a bulldozer utilized in the construction of a highway, but he will perform no work related to the physical installation of the highway, does not operate the bulldozer to move materials for the installation of the highway, and solely works with the bulldozer for maintenance and light repair. The construction equipment being maintained by the mechanic is located at the construction site and is utilized by Company on the construction site. The construction project is a public works project as defined in Chapter 290 RSMo (1994).

Company appeals, claiming the trial court erred in entering judgment against it because the Act does not apply to the mechanic at issue in that the mechanic does not work on a highway, building, or other structure but rather is engaged solely in maintenance of construction equipment. We disagree.

 We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the

---

1. All further statutory references are to RSMo (2000) unless otherwise noted.

weight of the evidence, or it erroneously declared or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Statutory construction is a matter of law. *Zitzman v. Lohman,* 917 S.W.2d 617, 618 (Mo.App. E.D.1996). The trial court's judgment is within this Court's *de novo* review because it is a matter of statutory interpretation. *St. Louis County v. B.A.P., Inc.,* 25 S.W.3d 629, 631 (Mo.App. E.D.2000).

█ The Missouri General Assembly enacted the Act in 1957. *City of Kennett v. Labor and Indus. Relations Comm'n,* 610 S.W.2d 623, 625 (Mo. banc 1981). The Act is based upon and has a similar purpose to the federal Davis–Bacon Act, 40 U.S.C. Section 276a *et seq.* (2003), which is intended to guarantee workers on public projects are paid reasonable wages. *Long v. Interstate Ready–Mix, L.L.C.,* 83 S.W.3d 571, 574 (Mo.App. W.D.2002). "Due to the remedial nature of [the Act], we must interpret it broadly so as to accomplish the greatest public good." *Long,* 83 S.W.3d at 574. Remedial statutes are "enacted for the protection of life and property and in the interest of public welfare." *Hagan v. Dir. Of Revenue,* 968 S.W.2d 704, 706 (Mo. banc 1998).

█ When contemplating statutory interpretation, our primary responsibility is to ascertain the intent of the legislature by considering the plain and ordinary meaning of the words used in the statute. *Hamrick ex rel. Hamrick v. Affton School Dist. Bd. of Educ.,* 13 S.W.3d 678, 680 (Mo.App. E.D.2000). "Provisions of an entire legislative act must be construed together and, if reasonably possible, all provisions must be harmonized." *B.A.P., Inc.,* 25 S.W.3d at 631. Statutes must not be interpreted narrowly if that interpretation would defeat the purpose of the statute. *L.C. Development Co., Inc. v. Lincoln County,* 26 S.W.3d 336, 340 (Mo.App.

E.D.2000). "Moreover, it is presumed every word, clause, sentence and provision of a statute have effect; conversely, it will be presumed idle verbiage or superfluous language was not inserted into a statute." *B.A.P., Inc.,* 25 S.W.3d at 631.

Company and the Division agree that one sentence in the Act is at issue in the instant case. Therefore, our analysis turns on the statement, "Only such workmen [*sic*] as are directly employed by contractors or subcontractors in actual construction work on the site of the building or construction job shall be deemed to be employed on public works." Section 290.230.1. The mechanic is classified as a workmen [*sic*] by the Act. Section 290.210(8). Yet, Company claims the mechanic is employed in maintenance work on the construction site, not in construction work on the highway.

█ Maintenance work consists of: "(1) work that is repair, not replacement; (2) in an existing facility; and (3) there is no change or increase in the size, type, or extent of the 'existing facility.'" *State Dept. of Labor and Indus. Relations, Div. of Labor Standards v. Board of Public Utilities of City of Springfield,* 910 S.W.2d 737, 745 (Mo.App. S.D.1995); Section 290.210(4). According to the stipulated facts, the mechanic maintains and repairs construction equipment on the site of construction of the highway. Under the terms of the Act, "construction" is defined as including "construction, reconstruction, improvement, enlargement, alteration, painting and decorating, or major repair." Section 290.210(1). From the record it appears the highway is being constructed rather than being repaired by the workers, and since the highway is being constructed, there can be no "existing facility." Therefore, workers, including the mechanic herein, involved on the site of construction of the highway, by definition, cannot

be involved in maintenance work when there is no "existing facility." Section 290.210(4).

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.