**STATE of Missouri ex rel. Tina K. GEHRES, Relator,**

v.

**Honorable Nancy SCHNEIDER, Judge of the Circuit Court of St. Charles County, Missouri, Respondent.**

No. ED 84870.

Missouri Court of Appeals, Eastern District, Writ Division Two.

Sept. 28, 2004.

specifically address each counterclaim and cross claim, thereby staving off any further

Tina K. Gehres, Lincoln, MI, pro se.

appeals prior to a final, appealable judgment.

Timothy E. Hogan, St. Louis, MO, for respondent.

BOOKER T. SHAW, Judge.

Tina K. Gehres ("Relator") filed a petition for writ of prohibition in this Court seeking to prohibit the Honorable Nancy Schneider, Judge of the Circuit Court of St. Charles County, Missouri ("Respondent") from awarding attorneys' fees in the amount of $197,975.30 against her and to prohibit the trial court from holding her in contempt for failing to respond to post-judgment discovery requests.

On July 24, 2004, this Court issued its Preliminary Order in Prohibition ordering Respondent to file suggestions in opposition and an answer to Relator's writ of prohibition and not to proceed further in this matter, other than to withdraw any Capias Warrants for Relator's arrest. Respondent has failed to file suggestions in opposition and an answer to Relator's writ of prohibition and is therefore, in default. The Preliminary Order in Prohibition is hereby made absolute.

As the facts of this case already have been set forth in *Larry A. Bagsby v. Tina K. Gehres,* 139 S.W.3d 611 (Mo.App. E.D. 2004), an opinion handed down by this Court on July 27, 2004, we will not restate them here.

After Respondent entered judgment against Relator and in favor of the plaintiff Larry A. Bagsby ("Bagsby") in his action for dissolution of partnership, unjust enrichment, detrimental reliance, accounting, restitution, equitable lien, constructive trust and fraudulent conveyance, Relator appealed to this Court. On June 16, 2004, while that judgment was being appealed in this Court, Respondent entered a judgment in favor of Bagsby and against Relator for attorneys' fees in the amount of $197,975.30. Respondent also entered an order of contempt against Relator on July

9, 2004, while the underlying judgment was still pending appeal in this Court. On July 27, 2004, this Court held that Respondent erred in denying Relator's motion to dismiss the case for improperly splitting a single cause of action, and reversed and remanded with directions to Respondent to dismiss Bagsby's petition against Relator without prejudice. The only issue before us in Relator's petition for writ of prohibition is whether Respondent's actions with respect to the award of attorneys' fees and order of contempt against her were valid. We hold they were not.

■ Missouri Supreme Court Rule 75.01 provides that the trial court retains jurisdiction over its judgments during the thirty-day period after their entry and may reopen, correct, amend, or modify these judgments during that time. Rule 75.01. "After the filing of notice of appeal and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal." *Id.* In addition, if a party files a timely post-trial motion, the trial court's jurisdiction over the judgment extends to ninety days. Rule 81.05. "Absent a timely motion for a new trial, the trial court loses jurisdiction of the cause [thirty] days after entry of judgment." *Samazin v. Director of Revenue,* 876 S.W.2d 50, 51 (Mo.App. W.D.1994).

■ Here, Respondent awarded attorneys' fees in favor of Bagsby long after the expiration of the thirty-day period prescribed in Rule 75.01, when no post-trial motion was filed, and while the case was still pending on appeal. Therefore, Respondent lacked jurisdiction when she awarded attorneys' fees to Bagsby and such award of fees was invalid. *See*

*McCombs v. Joplin 66 Fairgrounds, Inc.,* 925 S.W.2d 946, 949–50 (Mo.App. S.D. 1996); *Antonacci v. Antonacci,* 892 S.W.2d 365, 368 (Mo.App. E.D.1995).

■ With respect to Respondent's order of contempt against Relator, because this Court previously determined in *Larry A. Bagsby v. Tina K. Gehres,* 139 S.W.3d 611 (Mo.App. E.D.2004), that Respondent erred in denying Relator's motion to dismiss Bagsby's petition and reversed and remanded the case for Respondent to dismiss his petition without prejudice, any effort to enforce this alleged judgment is invalid.

LAWRENCE E. MOONEY, P.J., and CLIFFORD H. AHRENS, J., Concur.