John MITALOVICH, Appellant,

v.

Tammy Lee TOOMEY, Respondent.

No. ED 88331.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 20, 2007.

---

Jody H. Wolff, Clayton, MO, for appellant.

Ann E. Bauer, Sharee L. Williamson, Clayton, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

John Mitalovich, Father, appeals from the trial court's judgment of June 8, 2006, ordering him to pay attorneys' fees of $1,500 as a sanction. We affirm.[1]

The present action stems from motions to modify a paternity judgment, filed in 2004, by Father, John Mitalovich, and Mother, Tammy Lee Toomey. In February of 2006, the trial court entered its second-amended judgment, which Father then appealed.[2] After Father filed his no-

---

**1.** All motions are denied.

**2.** This Court issued its decision in connection with that appeal, in November of 2006. *Mita-*

tice of appeal, Mother filed a motion pursuant to Section 452.355.1 RSMo. requesting $5,000 for attorneys' fees on appeal.

Mother's motion was called for hearing on April 27, 2006, on the non-testimonial docket. Counsel for both Father and Mother appeared. Father's counsel, however, claimed that testimony was required. The court granted the parties until June 8, 2006, to submit legal authority on whether testimony was required. The court then set Mother's motion for hearing on June 8th. On May 9th, Father's counsel filed a motion to continue the June 8th hearing, asserting that Father had previously made plans to be out of town with the parties' minor child from June 6th—June 18th, as part of his summer custody. Father's motion was never ruled upon.

On June 8th, Mother's motion for attorneys' fees on appeal was called for hearing, as previously scheduled by court order. Mother's counsel announced ready for trial. Father failed to appear and his counsel announced not ready. Father's counsel requested a continuance, and Mother's counsel objected. The court continued the case over Mother's objections, and rescheduled the hearing for August 10, 2006, with one and one-half hours reserved for the hearing. The court then ordered "attorney's fees as sanctions against Plaintiff [Father], over the objection of Plaintiff's counsel, in the amount of $1,500." Father now appeals.

### Discussion

Father complains of two distinct alleged trial-court errors. First, he contends that the trial court's order was an award of attorneys' fees under Section 452.355 RSMo., which could not be entered without evidence of the parties' financial resources. Second, Father contends that the sanctions

were arbitrary, punitive, and entered without a hearing on the matter to determine the appropriate amount of the sanction. We discuss each contention in turn.

■ Father first contends the trial court misapplied the law in ordering an award of attorneys' fees without any evidence of the parties' financial resources. Father's argument proceeds from the premise that the court was awarding attorneys' fees pursuant to Section 452.355. But there is no reason to accept the premise of Father's argument. The court does not cite Section 452.355 in its award, nor is there any reason to interpret the award as having been made pursuant to Section 452.355. We conclude the award of attorneys' fees was imposed as a sanction for two compelling reasons: first, the award was made because of Father's transgression in failing to appear for a hearing, which failing occasioned expenses of effort and money by Mother; second; the court unequivocally denominated it a "sanction" in its order imposing the award.

■ A trial court has a broad array of inherent powers. *McPherson v. U.S. Physicians Mutual Risk Retention Group*, 99 S.W.3d 462, 476 (Mo.App. W.D.2003). These powers do not derive from statutory authority. *Id.* A trial court has the inherent power to enforce compliance with its reasonable orders and may, at its discretion, impose sanctions when they are justified, considering the conduct of the parties and counsel. *See, e.g., Foster v. Kohm*, 661 S.W.2d 628, 631 (Mo.App. E.D.1983). We find no abuse of discretion.

■ Next, Father complains that the trial court imposed sanctions without a hearing. Father suggests the trial court must have an evidentiary basis for its award of attorneys' fees as a sanction.

*lovich v. Toomey,* 206 S.W.3d 361 (Mo.App.      E.D.2006).

There is nothing in the record, however, showing that Father requested a hearing. Had such a request been made, the amount of fees occasioned by Father's failure to appear could have been readily adduced from Mother's attorney. Having failed to request a hearing, Father is in no position now to complain to this Court. It has long been the rule in Missouri that an issue which was never presented to or decided by the trial court is not preserved for appellate review. *See, e.g., State ex rel Nixon v. American Tobacco Co., Inc.,* 34 S.W.3d 122, 129 (Mo. banc 2000). An appellate court will not, on review, convict a trial court of error on an issue that was not put before it to decide. *See, e.g., Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 36 (Mo. banc 1982). For these reasons, we do not entertain this facet of Father's argument.

The judgment is affirmed.

GLENN A. NORTON, P.J., concurs.

KENNETH M. ROMINES, J., dissents in separate opinion.

KENNETH M. ROMINES, Judge, dissenting.

I dissent. I find no authority by constitution, by statute, by rule or by "inherent authority" to take John's money and give it to Tammy. There is no factual basis in this record to accomplish this result, and thus, the result is unprincipled.

This case reflects an all too common phenomenon in the domestic area—lack of civility. Simply, neither counsel would extend one to the other even modest professional courtesy. Counsel for Appellant gave Respondent's counsel more than thirty days notice of client unavailability; and gave the commissioner twenty-nine days notice by a formal filing—which motion was never ruled by the commissioner.

My review finds no evidence that the $1,500 fee was reasonable, necessary, or justified. The record is silent as to any time-spent basis for this fee—no bill, no affidavit, not even the ever useful "counsel how much time do you have in this today?" The commissioner's action was arbitrary and capricious, to affirm is thus arbitrary and capricious.

Appellant's counsel complained loudly and long, both below and here, as to the arbitrary nature of the action. We have an obligation, and jurisdiction, to resolve this complaint.

There being no constitutional, statutory, nor rule applied by the commissioner, the majority relies on case authority. The two cases cited are factually inappropriate. *Foster v. Kohm,* 661 S.W.2d 628 (Mo.App. E.D.1983) dealt with discovery issues and Rule 62.01. *McPherson v. U.S. Physicians Mutual Risk Retention Group,* 99 S.W.3d 462 (Mo.App. W.D.2003) dealt with audits and consequent fees ordered in a receivership. In *neither* case were attorney's fees allowed.

This is not contempt, a receivership, a discovery violation, nor a motion to set aside a default judgment. Mouthing "sanctions" is not a panacea for evidence. This case should be reversed.