Paul G. LORENZINI and Laverne
S. Lorenzini, Respondents,

v.

Keith SHORT, individually and d/b/a
Short Solutions, Defendant,

and

Cathedral Properties, LLC, Appellant.

No. ED 93813.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 8, 2010.

Nelson L. Mitten, Jennifer L. Geschke, Saint Louis, MO, for Appellant.

Joseph J. Trad, Carine M. Doyle, Saint Louis, MO, for Respondents.

## OPINION

GLENN A. NORTON, Presiding Judge.

Cathedral Properties, LLC ("Employer") appeals the grant of Paul G. and Laverne S. Lorenzinis' ("Plaintiffs") motion for default judgment in a garnishment proceeding awarding them $475.81 in dam-

ages, $72.00 in costs, and $4,108.80 in attorney's fees.[1] We affirm as modified.

## I. BACKGROUND

In March 2008, Plaintiffs filed a petition for money had and received and for unjust enrichment against Employee alleging he failed to repay them $125,000.00. In July 2008, the trial court granted Plaintiffs a default judgment against Employee in the amount of $127,656.25 plus per diem interest ("the underlying judgment"). When Plaintiffs were unsuccessful in collecting the underlying judgment from Employee, they attempted to garnish his wages from Employer.

In October 2008, Plaintiffs filed a garnishment application directed to Employer. Employer was served with a writ of garnishment and interrogatories. It is undisputed that Employer timely answered the interrogatories and indicated it possessed $79.31 in wages owed to Employee for a 30–day garnishment period.

Plaintiffs filed a second garnishment application directed to Employer in December 2008. Employer was served with a writ of garnishment and interrogatories, but Employer failed to timely answer the interrogatories. Plaintiffs filed a motion for default judgment against Employer based upon its failure to timely answer interrogatories. The motion for default requested damages in the amount of the underlying judgment and costs. Plaintiffs then served Employer with notice that a hearing would be held on the motion for default. A few days before the hearing was initially scheduled, Employer filed an answer to the interrogatories indicating it possessed $396.50 in wages owed to Employee for a 180–day garnishment period.

The hearing was held, and after the hearing, the trial court took the case under submission. At some point thereafter, Plaintiffs' counsel advised Employer's counsel and the court that Plaintiffs were no longer seeking the full amount of the underlying judgment but were only seeking damages in the amount of money Employer owed to Employee, or $475.81. Plaintiffs' counsel also advised Employer's counsel and the court that Plaintiffs were requesting $72.00 in costs of collection and $4,108.80 in attorney's fees. Thereafter, the trial court entered a default judgment against Employer awarding Plaintiffs $475.81 in damages, $72.00 in costs, and $4,108.80 in attorney's fees. Employer appeals.

## II. DISCUSSION

Employer's brief raises four points on appeal. Employer's first point on appeal asserts the trial court erred in awarding Plaintiffs $475.81 in damages. Employer's second point on appeal alleges the trial court did not have authority to award Plaintiffs $72.00 in costs and $4,108.80 in attorney's fees. Finally, Employer's third and fourth points on appeal contend the trial court erred in awarding attorney's fees because Plaintiffs failed to properly request such relief in their motion for default judgment.

### A. The Trial Court did not Err in Awarding Plaintiffs $475.81 in Damages

In their first point on appeal, Employer asserts the trial court erred in entering a default judgment awarding Plaintiffs $475.81 in damages because Plaintiffs did not follow the proper procedure when Employer failed to timely answer Plaintiffs' second set of interrogatories. Specifically,

---

1. Because Defendant Keith Short is employed by Cathedral Properties, LLC, we will refer to him as "Employee" for purposes of this opinion.

Employer contends Rule 90.08[2] required Plaintiffs to file a motion to compel before filing a motion for default judgment. We disagree.

### 1. Background Law and Standard of Review

A garnishment proceeding is generally governed by Rule 90 and Chapter 525.[3] *Moore Automotive Group, Inc. v. Goffstein*, 301 S.W.3d 49, 53 (Mo. banc 2009). Thus, in determining whether Rule 90.08 mandates a plaintiff to file a motion to compel before filing a motion for default judgment, we must interpret Missouri Supreme Court Rules and state statutes governing garnishment proceedings. Our interpretation of Missouri Supreme Court Rules and statutes involves questions of law which we review de novo. *Lindquist v. Mid–America Orthopaedic Surgery, Inc.*, 269 S.W.3d 508, 510 (Mo.App. E.D. 2008) (stating that statutory interpretation is a question of law which is reviewed de novo); *State ex rel. USAA Casualty Insurance Co. v. David*, 114 S.W.3d 447, 448 (Mo.App. E.D.2003) (stating that interpretation of Missouri Supreme Court Rules is guided by principles similar to those used in our interpretation of state statutes). Our primary role in interpreting Missouri Supreme Court Rules and statutes is to ascertain the intent of the Supreme Court and legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. *State ex rel. USAA Casualty*, 114 S.W.3d at 448; *Whitelaw v. Director of Revenue*, 73 S.W.3d 731, 733 (Mo.App. E.D.2002).

### 2. The Plain and Ordinary Meaning of Rule 90.08 did not Require Plaintiffs to file a Motion to Compel before Filing a Motion for Default Judgment

Rule 90.08 states in relevant part:

If [the employer] fails to answer or improperly answers interrogatories, the court shall, upon motion, order [the employer] to answer or properly answer the interrogatories. Failure of [the employer] to comply with such an order may, upon motion of [the plaintiff] or the court, subject [the employer] to a finding that [the employer] is in default, and [the plaintiff] may take judgment by default against [the employer].

We find that the plain and ordinary language of Rule 90.08 did not require Plaintiffs to file a motion to compel before filing a motion for default judgment because the only mandatory language in Rule 90.08 applies to the trial court, not to the plaintiff. The portion of the rule providing "*the court shall, upon motion,* order [the employer] to answer or properly answer the interrogatories" requires a court to issue an order to compel only if a motion to compel is filed by the plaintiff (emphasis added). *See SSM Health Care St. Louis v. Schneider*, 229 S.W.3d 279, 280–81 (Mo. App. E.D.2007) (interpreting portion of statute providing "the court shall, upon motion of any party, dismiss the action ... without prejudice" to require the court to dismiss the action without prejudice if a motion to dismiss is filed); *State ex rel. USAA Casualty*, 114 S.W.3d at 448 (inter-

---

**2.** All references to Rules are to Missouri Supreme Court Rules (2010) unless otherwise indicated.

**3.** Most of Rule 90 and Chapter 525 refer to the employer as "garnishee," refer to the judgment creditor as either "plaintiff". or "garnishor," and refer to the employee as

"debtor" or "defendant." In order to assist the reader, this Court will refer to the parties to a garnishment action simply as "employer," "plaintiff," and "employee" when discussing and citing provisions in Rule 90 and statutes in Chapter 525.

preting the term "shall" in a Missouri Supreme Court Rule as mandatory).

Rule 90.08 not only mandates a court to issue an order compelling the employer to answer or properly answer the interrogatories when the plaintiff chooses to file a motion to compel, but also sets forth the procedural mechanism for the plaintiff and court to follow when a motion to compel is filed and the employer fails to comply with an order to compel. Specifically, the rule provides "[f]ailure of [the employer] to comply with such an order *may*, upon motion of [the plaintiff] or the court, subject [the employer] to a finding that [the employer] is in default, and [the plaintiff] *may* take judgment by default against [the employer]." Rule 90.08 (emphasis added). Because the term "may" is permissive rather than mandatory, *see, e.g. Schubert v. Tolivar*, 905 S.W.2d 924, 929 (Mo.App. E.D.1995), we interpret this part of the rule simply: (1) to allow the plaintiff or court to make a motion for default judgment, and (2) to permit the plaintiff to take a default judgment against the employer.

### 3. Section 525.140 RSMo 2000 Permitted Plaintiffs to File a Motion for Default Judgment when Employer Failed to File a Timely Answer to Interrogatories

■ Section 525.140 RSMo 2000 [4] is a counterpart to Rule 90.08; the statute and rule can be construed together and each can be given effect. *Northwest Professional Condominium Association v. Kayembe*, 190 S.W.3d 447, 450 (Mo.App. E.D.2006). Section 525.140 provides that when the employer does not timely file an answer, "the plaintiff *may* take judgment by default against [the employer], or the court may, upon motion, compel him to answer by attachment of his body ...." (emphasis added). As we previously indi-

cated, the word "may" is permissive rather than mandatory. *See Schubert, supra*. Thus, we interpret section 525.140 to allow the plaintiff to file a motion for default judgment or to file a motion to compel when the employer fails to file a timely answer to interrogatories. We also interpret the statute to allow the court to compel an answer by attachment when a motion to compel is filed by the plaintiff. These procedural matters are neither addressed by nor inconsistent with the plain and ordinary language of Rule 90.08. "Where the legislature has enacted a statute pertaining to a procedural matter which is not addressed by or inconsistent with any [S]upreme [C]ourt rule, the statute must be enforced." *State ex rel. Kinsky v. Pratte*, 994 S.W.2d 74, 76 (Mo.App. E.D.1999). Thus, pursuant to section 525.140, Plaintiffs could file a motion for default judgment when Employer failed to file a timely answer to interrogatories.

### 4. Conclusion

■ We conclude Rule 90.08 did not require Plaintiffs to file a motion to compel before filing a motion for default judgment, and section 525.140 permitted Plaintiffs to file a motion for default judgment when Employer failed to file a timely answer. Employer admits in its brief that it owed Employee $475.81. Generally, the liability of the employer is measured by its liability to its employee. *Butler v. Physicians Planning Service Corp.*, 724 S.W.2d 334, 336 (Mo.App. E.D.1987); *see also* section 525.170. Therefore, the trial court did not err in entering a default judgment in favor of Plaintiffs which awarded them $475.81 in damages. Point one is denied.

### B. The Trial Court did not Err in Awarding Plaintiffs $72.00 in Costs

In its second point on appeal, Employer first argues the trial court did not have

---

**4.** All statutory references are to RSMo 2000 unless otherwise indicated.

statutory authority to award Plaintiffs costs. We disagree.

■■■■ "In awarding costs, a trial court is limited to awarding only those costs granted by virtue of express statutory authority." *Williams v. Trans States Airlines, Inc.*, 281 S.W.3d 854, 880 (Mo. App. E.D.2009) (internal quotations omitted). Accordingly, the issue in this portion of the second point on appeal involves statutory interpretation. *See id.* Statutory interpretation is a question of law which this Court reviews de novo. *Lindquist,* 269 S.W.3d at 510. "Our primary role in interpreting statutes is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *Whitelaw,* 73 S.W.3d at 733.

■■■■ Section 525.250 RSMo Supp. 2009 [5] provides: "In all cases between the plaintiff and [the employer], a court of competent jurisdiction *may* order the parties to pay or recover costs, *as in ordinary cases between plaintiff and defendant"* (emphasis added). By using the word "may," the legislature intended for a court to have discretionary authority to award costs to the plaintiff or the employer. *See City of Centralia v. Norden,* 879 S.W.2d 724, 730 (Mo.App. W.D.1994) (finding court had discretion to award costs pursuant to statute). Additionally, section 514.060 explains that in ordinary cases between a plaintiff and defendant, the prevailing party is entitled to costs: "In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." Accordingly, we hold that the plain and ordinary meaning of sections 525.250 and 514.060 authorize the trial court to award costs to a prevailing plaintiff or employer. Here, Plaintiffs prevailed on their motion for default judgment. Therefore, in accordance with our interpretation of sections 525.250 and 514.060, the trial court had authority to award Plaintiffs costs.[6] With respect to Employer's argument that the trial court erred in awarding Plaintiffs costs, point two is denied.

## C. The Trial Court Erred in Awarding Plaintiffs $4,108.80 in Attorney's Fees

■■■■ Employer also argues in its second point on appeal that the trial court did not have authority to award Plaintiffs attorney's fees. Whether a trial court has authority to award attorney's fees is a question of law which we review de novo.

---

5. All references to section 525.250 are to RSMo Supp.2009.

6. Employer asserts section 525.170 prohibited the trial court from awarding costs. Section 525.170 provides in relevant part that no final default judgment "shall be rendered against [the employer] ... for a greater amount than [the employer] shall appear to be liable for to [the employee]." When read in isolation, section 525.170 arguably appears to exclude costs from a final default judgment in garnishment cases. However, in ascertaining the legislative intent of a statute, we review the provisions of the entire legislative act and must harmonize all of the provisions if reasonably possible. *Chester Bross Construction Co. v. Missouri Department of Labor and Industrial Relations, Division of Labor Standards,* 111 S.W.3d 425, 427 (Mo.App. E.D. 2003). Moreover, we presume every statutory provision has effect. *Id.* Guided by these principles, we find that to narrowly interpret section 525.170 as Employer contends would render sections 525.250 and 514.060 meaningless. As we explain above, the plain and ordinary meaning of sections 525.250 and 514.060 expressly grant the trial court discretionary authority to award costs to the prevailing party in all garnishment actions between a plaintiff and employer. Thus, we conclude Employer's interpretation of section 525.170 lacks merit.

*66, Inc. v. Crestwood Commons Redevelopment Corp.*, 130 S.W.3d 573, 584 (Mo.App. E.D.2003).

 Missouri courts follow the "American rule" with respect to awards of attorney's fees. *Id.* at 594. The "American rule" generally provides that each party is required to bear the expense of its attorney's fees. *Id.* However, there are four common exceptions to the rule which allow a court to award attorney's fees if: (1) a statute authorizes an award of fees; (2) a contract authorizes an award of fees; (3) a party expends fees to defend collateral litigation; or (4) a court of equity deems fees are warranted in order to "balance benefits" where very unusual circumstances have been shown. *See id.*; *Consolidated Public Water Supply District No. C–1 of Jefferson County v. Kreuter*, 929 S.W.2d 314, 316–17 (Mo.App. E.D. 1996). None of these exceptions apply in this case.

 A court may also be allowed to award attorney's fees as sanctions in two limited circumstances. First, Rule 55.03(d) provides a limited remedy of awarding attorney's fees for frivolous or bad faith litigation. *See* Rule 55.03(d); *Consolidated Public Water Supply*, 929 S.W.2d at 317 n. 1 (discussing former version of Rule 55.03 providing for sanctions). And secondly, a trial court may award attorney's fees as sanctions pursuant to its inherent powers. *Mitalovich v. Toomey*, 217 S.W.3d 338, 340 (Mo.App. E.D.2007).

Plaintiffs assert the trial court had authority to award attorney's fees *only* pursuant to its inherent authority to award fees as sanctions. Specifically, Plaintiffs argue the trial court had the inherent power to sanction Employer because it violated provisions of Rule 90 by failing to pay Plaintiffs after admitting it possessed money owed to Employee and by failing to timely answer Plaintiffs' second set of interrogatories.[7] Plaintiffs cite only one case where an appellate court has affirmed a trial court's use of its inherent powers to award attorney's fees as sanctions: *Mitalovich v. Toomey*, 217 S.W.3d 338. We find, however, that *Mitalovich* is inapplicable to the instant case. Our decision in *Mitalovich* to affirm the award of attorney's fees was premised upon our Court's conclusion that the award of attorneys' fees in that case *was actually imposed by the court as a sanction:*

> We conclude the award of attorney's fees was imposed as a sanction for two compelling reasons: first, the award was made because of [f]ather's transgression in failing to appear for a hearing, which failing occasioned expenses of effort and money by [m]other; second, the court unequivocally denominated it a "sanction" in its order imposing the award.

217 S.W.3d at 340. Unlike in *Mitalovich,* the record on appeal in the instant case does not provide any clear indication as to why the trial court awarded attorney's fees. Furthermore, the court did not denominate the award as a "sanction" in its judgment. Because we cannot conclude the award of attorney's fees was imposed by the trial court as a sanction, we must find the court did not have authority to award attorney's fees to Plaintiffs. With respect to Employer's argument that the trial court erred in awarding Plaintiffs attorney's fees, point two is granted.[8]

---

7. Rule 90.10(a) requires an employer whom admits in its answers to interrogatories that it is possesses money owed to the employee to pay such money "no later than ten days after the return date of the writ of garnishment or levy." *See also* Rule 90.01(d). Rule 90.07(b) requires the employer to file and serve answers to interrogatories "during the ten days immediately after the return date of the writ."

## III. CONCLUSION

As authorized by Rule 84.14, we modify the judgment to exclude all references to the award of attorney's fees and, as modified, affirm the judgment of the trial court awarding Plaintiffs $475.81 in damages and $72.00 in costs.

MARY K. HOFF, J., and LAWRENCE E. MOONEY, J., concur.

---

8. In Employer's third and fourth points on appeal, it contends the trial court erred in awarding attorney's fees because Plaintiffs failed to properly request such an award in their motion for default judgment. It is unnecessary for us to reach this issue because our determination that the attorney's fees award was not authorized is dispositive. Points three and four are denied.