David C. McLEAN, et al., Respondents,

v.

**FIRST HORIZON HOME LOAN, CORPORATION (f/k/a McGuire Mortgage Company), Appellant.**

No. WD 74025.

Missouri Court of Appeals, Western District.

June 26, 2012.

Thomas M. Hefferon, for Appellant.

R. Frederick Walters, for Respondents.

Before Division Two: GARY D. WITT, Presiding Judge, JOSEPH M. ELLIS, Judge and MARK D. PFEIFFER, Judge.

JOSEPH M. ELLIS, Judge.

First Horizon Loan Corporation[1] appeals from the denial of its motion for entry of satisfaction of judgment and an award of attorney's fees entered in favor of counsel representing the plaintiff class in this matter. For the following reasons, the judgment is affirmed.

The underlying litigation ˉwas filed by David and Holly McLean in the Circuit Court of Jackson County in November 2000 against First Horizon alleging violations of the Missouri's Second Mortgage Loans Act, §§ 408.231[2] et seq. The circuit court subsequently certified the mat-

ter as a class action. Eventually, in February 2007, the parties agreed to a comprehensive class action settlement. On June 7, 2007, the court entered its Final Order and Judgment approving the settlement, incorporating by reference the terms of the 33–page Settlement Agreement executed by the parties.

Under the terms of the Settlement Agreement, claims were to be submitted by class members to a Settlement Administrator, who determined whether the claims were valid and notified counsel of her decisions. First Horizon was permitted to challenge submitted claims by notifying class counsel within 90 days of the court's final approval of the settlement, or September 5, 2007. The Settlement Agreement provided that First Horizon could challenge claims based upon the calculated benefit amount and/or the validity of the claim, including alleged deficiencies in the claim form and eligibility for benefits on a bankruptcy loan. The Settlement Agreement further provided that all challenges to claims were to be made "in good faith" and include a "reasoned explanation." If the parties were unable to informally resolve the challenges, the challenges were to be submitted to a Special Master for resolution. The Settlement Agreement stated that "[o]nce a challenge is resolved, the validity and amount of the Claim shall be adjusted or approved accordingly, without right of further challenge or appeal."

The Settlement Agreement also provided that "[a]lthough the Court shall enter a judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement." The trial court's judgment similarly stated that the

1. Formerly known as McGuire Mortgage Company.

2. All statutory references are to RSMo 2000 unless otherwise noted.

court "retains exclusive jurisdiction of all matters related to the interpretation, administration, implementation, effectuation and enforcement of the Settlement and of the Settlement Agreement."

On September 5, 2007, First Horizon challenged 1,588 of the approximately 2,600 claims submitted by class members, asserting over 4,200 separate challenges to those claims. Those challenges were asserted on two general grounds: (1) the claim forms were incomplete for various reasons and, therefore, invalid, or (2) class members had bankruptcy loans and the bankruptcy trustee had not filed a separate claim form and, therefore, class members were not entitled to a full settlement benefit. After the parties were unable to informally resolve most of the challenges, the challenges were submitted to two different Special Masters. The Special Masters subsequently found in favor of First Horizon on 62 of its challenges but denied all of the rest.

On December 4, 2007, First Horizon filed a Motion for Court Interpretation of Settlement Agreement and Enforcement of Judgment in the circuit court challenging various determinations by the Special Masters. First Horizon argued that the Special Masters' resolution of the challenges "create[d] additional obligations under the Settlement Agreement and Judgment and [was] in complete contravention of what the Agreement and Judgment say." The plaintiffs opposed that motion, asserting that the court lacked jurisdiction because the Special Masters' rulings were final and binding and not subject to further challenge or appeal under the terms of the Settlement Agreement. They further claimed that, pursuant to Rule 75.01, the court lost jurisdiction over the matter thirty days after the entry of its final judgment because no post-judgment motions had been filed. On June 30, 2008,

the circuit court entered a "judgment" granting the motion to interpret and finding that the Special Masters' rulings were proper and consistent with the Settlement Agreement.

First Horizon appealed, and the plaintiffs cross-appealed. On appeal, this Court determined that the circuit court had erred in entertaining First Horizon's motion to interpret the Settlement Agreement. We held that "the circuit court's attempt to retain jurisdiction after the judgment became final for purposes other than enforcement of the judgment, as well as [language to that effect] in the Settlement Agreement, is contrary to Rule 75.01 and has no effect." *McLean v. First Horizon Home Loan Corp.*, 277 S.W.3d 872, 879 (Mo.App. W.D.2009). We struck those provisions from the judgment and Settlement Agreement. We further noted that "[t]he provisions [were] not necessary to retain the court's inherent power to enforce its judgment, including the terms of the Settlement Agreement." *Id.* The case was remanded to the circuit court with directions to dismiss First Horizon's motion. *Id.*

After this Court's opinion was handed down, First Horizon issued payment on the outstanding claims. On December 4, 2009, First Horizon filed a motion requesting an entry of satisfaction of judgment. The Plaintiffs opposed First Horizon's motion, and Plaintiffs' counsel filed Class Counsel's Motion for Fees and Expenses Caused by First Horizon's Bad Faith, asserting that 2,034 of First Horizon's challenges had been made in bad faith. Class Counsel asserted that the court could assess sanctions against First Horizon and award Class Counsel attorney's fees based upon the court's inherent authority. The circuit court denied First Horizon's motion for an entry of satisfaction of judgment and granted Class Counsel's motion, enter-

ing judgment against First Horizon and in favor of Class Counsel in the amount of $462,038.12.

■ In its first point, First Horizon contends that the circuit court had no legal authority to deny its Rule 74.11(c) motion for entry of satisfaction of judgment because all of the payments required under the judgment/settlement agreement had been paid. Rule 74.11(a) provides: "When any judgment or decree is satisfied otherwise than by execution, the judgment creditor shall immediately file an acknowledgement of satisfaction." "If a judgment creditor who has received satisfaction of a judgment fails to acknowledge such satisfaction immediately, any interested person may apply to the court where the judgment was entered for an order showing satisfaction." [3] **Rule 74.11(c).**

■ A circuit court's ruling on a Rule 74.11(c) motion is "to be reviewed the same as any other judge-tried case, under the standard set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)." *Rhodus v. McKinley,* 71 S.W.3d 191, 195 (Mo.App. W.D.2002). "As such, we will affirm the orders of the trial court unless there is no substantial evidence to support them, they are against the weight of the evidence, or they erroneously declare or apply the law." *Id.* Furthermore, "[w]e will not reverse the trial court's judgment if there is no showing of prejudice as a result of that judgment." *McAllister v. McAllister,* 101 S.W.3d 287, 291 (Mo.App. E.D.2003).

Class Counsel opposed First Horizon's Rule 74.11(c) motion, asserting that an order of satisfaction should not be entered because First Horizon had failed to satisfy the provision in the settlement agreement

incorporated in the judgment that required parties to act in good faith in challenging class member claims and that the court should enter an award of attorney's fees as sanctions against First Horizon. Class counsel claimed that First Horizon had demonstrated bad faith by intentionally filing thousands of meritless objections to claims at the last minute, thereby leaving counsel with an extremely limited amount of time in which to respond to avoid waiving those claims and requiring counsel to perform an exceptional amount of additional legal work. The circuit court granted Class Counsel's motion and entered an award of $462,038.12 in fees and expenses. The circuit court denied First Horizon's Rule 74.11(c) motion but specifically stated that the motion could be re-filed and would be granted after the $462,038.12 attorney's fees award had been paid.

Even if an order of satisfaction was warranted under the undisputed evidence, as asserted by First Horizon, the circuit court was not required to enter an order of satisfaction prior to the resolution of Class Counsel's motion. Rule 74.11 certainly does not place a time limit on the court for entering an order of satisfaction. Thus, the extent of any prejudice that could possibly have been sustained by First Horizon was the circuit court requiring it to possibly later re-file its motion, and such prejudice is merely speculative because there is reasonable probability that, upon payment of the award of fees and expenses, the class plaintiffs or their counsel will file an acknowledgment of satisfaction pursuant to Rule 74.11(a), thereby negating any need to re-file the motion. Furthermore, in the event we were to determine that the award of fees and expenses was erroneous, it is clear that the trial court would enter

---

**3.** The circuit court's ruling on a Rule 74.11(c) motion is an appealable special order after final judgment. *White River Development Co.* *v. Meco Sys., Inc.,* 837 S.W.2d 327, 332 (Mo. App. S.D.1992).

an order of satisfaction immediately upon re-filing of the motion by First Horizon. Under the facts of this case, even assuming *arguendo* that First Horizon's motion should not have been denied and should still be pending, we do not perceive of sufficient prejudice to warrant reversal. Point denied.

■ In its second point, First Horizon claims that the circuit court erred in awarding attorney's fees to class counsel because the court lacked jurisdiction to award fees so long after the entry of the judgment in the case. First Horizon further argues that the attorney's fee award is contrary to the cap on attorney's fees set in the settlement agreement incorporated in the judgment. First Horizon also contends that the special masters had the exclusive authority to resolve issues concerning claim challenges. We will address these multifarious claims in turn.[4]

■ "Rule 75.01 provides that 'the trial court retains control over judgments during the 30–day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend or modify its judgment within that time period.' " *Spicer v. Donald N. Spicer Revocable Living Trust,* 336 S.W.3d 466, 468 (Mo. banc 2011). "After the expiration of the 30 days provided by Rule 75.01, the trial court is divested of jurisdiction, unless a party timely files an authorized after-trial motion."[5] *Id.* at 468–69. "Following divestiture, any attempt by the trial court to continue to exhibit authority over the case,

whether by amending the judgment or entering subsequent judgments, is void." *Id.* at 469. In the case at bar, "[b]ecause there were no post-judgment motions filed, the circuit court's June 7, 2007 Final Order and Judgment became final thirty days after it was entered, or on July 7, 2007, and the court no longer had jurisdiction to amend the judgment." *McLean,* 277 S.W.3d at 876.

■ "It has long been the case that an award of attorney fees must be made, if at all, while the trial court retains jurisdiction over the underlying judgment." *Siemens Building Technologies, Inc. v. St. John's Reg'l Med. Ctr.,* 124 S.W.3d 3, 10 (Mo.App. S.D.2004). Stated another way, the trial court lacks jurisdiction to grant a motion for attorney's fees under rule or statute after the expiration of the 30–day period, when no post-trial motion has been filed, and such an award is invalid. *State ex rel. Gehres v. Schneider,* 144 S.W.3d 903, 904 (Mo.App. E.D.2004).

■ However, "[i]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991) (internal quotation omitted). "For this reason, Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their

---

**4.** "A statement of a point relied on … violates Rule 84.04 when it groups together contentions not related to a single issue. As such, it is multifarious." *In re Marriage of Cochran,* 340 S.W.3d 638, 647 (Mo.App. S.D. 2011) (internal quotation omitted). "Improper points relied on, including those that are multifarious preserve nothing for appellate review." *Id.* (internal quotation omitted).

**5.** "If timely and appropriate post-trial motions are filed, the power to control is extended to 90 days after the filing of the motions." *Lake Thunderbird Property Owners Ass'n v. Lake Thunderbird, Inc.,* 680 S.W.2d 761, 763 (Mo.App. E.D.1984).

presence, and submission to their lawful mandates." *Id.* (internal quotation omitted). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (internal quotation omitted).

 "A trial court has the inherent power to enforce compliance with its reasonable orders and may, at its discretion, impose sanctions when they are justified, considering the conduct of the parties and counsel." *Mitalovich v. Toomey,* 217 S.W.3d 338, 340 (Mo.App. E.D.2007). "A court has the inherent power to sanction bad faith conduct, probably by way of awarding attorney's fees, on analogy to the power to award attorney's fees related to prosecuting a contemnor." *McPherson v. U.S. Physician Mut. Risk Retention Grp.,* 99 S.W.3d 462, 481 (Mo.App. W.D.2003) (internal citation omitted). "But it may do so only when the sanctioned party acted in bad faith." *Id.; see also Chambers,* 111 S.Ct. at 2133 ("[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."). " 'The imposition of sanctions ... transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by this opponent's obstinancy.' " [6] *McPherson,* 99 S.W.3d at 481 (quoting *Chambers,* 111 S.Ct. at 2132). "A court must, of course, exercise caution in

invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Chambers,* 111 S.Ct. at 2136.

 The existence of sanctioning schemes established by rule or statute does not displace the inherent power of the court to impose sanctions for bad faith conduct. *Id.* at 2132. "[T]he inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Id.* at 2135. Furthermore, "sanctions may be imposed years after a judgment on the merits." *Id.* at 2138–39.

 The circuit court entered its "Order Sustaining Class Counsel's Motion for Fees and Expenses Caused by First Horizon's Bad Faith" and awarded a judgment in favor of Class Counsel and against First Horizon in the amount of $462,038.12. First Horizon argues that this was an ordinary award of attorney's fees made by the trial court out of time while Class Counsel contends that this was an award of sanctions.

First Horizon argues that the trial court's order cannot be one for sanctions because the word "sanctions" does not appear in the order. First Horizon contends that "the court's failure to say it was 'sanctioning' First Horizon means it did not do so as a matter of law." First Horizon relies on *Lorenzini v. Short,* 312 S.W.3d 467, 474 (Mo.App. E.D.2010), for this proposition, but *Lorenzini* cannot fairly be read in this manner. In relevant part, *Lorenzini* stated:

---

**6.** "In this regard, the bad-faith exception resembles the third prong of [Federal] Rule 11's certification requirement, which mandates that a signer of a paper filed with the court warrant that the paper is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 n. 10, 111 S.Ct. 2123, 2133 n. 10, 115 L.Ed.2d 27 (1991) (internal quotation omitted).

Plaintiffs cite only one case where an appellate court has affirmed a trial court's use of its inherent powers to award attorney's fees as sanctions: *Mitalovich v. Toomey*, 217 S.W.3d 338. We find, however, that *Mitalovich* is inapplicable to the instant case. Our decision in Mitalovich to affirm the award of attorney's fees was premised upon our Court's conclusion that the award of attorneys' fees in that case was actually imposed by the court as a sanction:

> We conclude the award of attorney's fees was imposed as a sanction for two compelling reasons: first, the award was made because of [f]ather's transgression in failing to appear for a hearing, which failing occasioned expenses of effort and money by [m]other; second, the court unequivocally denominated it as a 'sanction' in its order imposing the award.

217 S.W.3d at 340. Unlike in *Mitalovich*, the record on appeal in the instant case does not provide any clear indication as to why the trial court awarded attorney's fees. Furthermore, the court did not denominate the award as a "sanction" in its judgment. Because we cannot conclude the award of attorney's fees was imposed by the trial court as a sanction, we must find the court did not have the authority to award attorney's fees to Plaintiffs.

*Id.* at 473. *Lorenzini* does not establish a bright-line requirement that the word "sanction" appear in the judgment; what it requires is a clear indication that the trial court was awarding the attorney's fees as sanctions. *Id.*

In the case at bar, Class Counsel's motion clearly asked the circuit court to "sanction" First Horizon based upon First Horizon's bad faith in order to "punish First Horizon and deter First Horizon and/or other litigants from engaging in similar conduct in the future." Class Counsel claimed that First Horizon demonstrated bad faith by intentionally filing thousands of meritless objections to the claims at the last minute, thereby leaving Class Counsel with an extremely limited amount of time in which to respond to avoid waiver of those claims and requiring counsel to perform an exceptional amount of additional legal work. Class Counsel did not assert any justification for the requested award aside from sanctioning First Horizon for bad faith. In granting Class Counsel's Motion for Fees and Expenses Caused by First Horizon's Bad Faith, the circuit court is presumed to have done so for one or more of the reasons set forth therein. *Asmus v. Capital Region Family Practice*, 115 S.W.3d 427, 430 (Mo.App. W.D.2003). Thus, unlike *Lorenzini*, in the case at bar, we have a crystal-clear indication that the trial court awarded attorney's fees as sanctions under its inherent power and are required to presume the motion was granted on that basis.

We next turn to First Horizon's claim that the language of the judgment/settlement agreement precluded the trial court from awarding any further attorney's fees. If this were a regular award of attorney's fees, First Horizon would undoubtedly be correct. The trial court had no authority to amend its prior judgment to alter the attorney's fees award after the thirty-day period provided for in Rule 75.01. *Siemens Building Technologies*, 124 S.W.3d at 10; *Schneider*, 144 S.W.3d at 904. As noted *supra*, however, this was an award of sanctions under the trial court's inherent powers. The parties could not divest the trial court of its inherent powers by agreement, and the trial court did not, and could not have, abdicated its inherent powers, especially

with regard to bad faith actions taken subsequent to the entry of the judgment.

■ First Horizon also contends that the trial court's award infringed upon the authority granted in the judgment/settlement agreement to the Special Masters to resolve the validity and amount of the claims made without right to further challenge or appeal. It argues that the Class Counsel's motion asked the trial court to relitigate the validity of the class claims.

Class Counsel's motion asked the trial court to determine whether First Horizon had demonstrated bad faith in the manner in which it took advantage of the claims system established in the judgment/settlement agreement. This is a significantly different issue from whether each of the challenges was meritorious. The trial court was asked to determine whether First Horizon had, intentionally and in bad faith, systematically abused the claims process established in the judgment. Though a claim that First Horizon had violated the good faith provisions of the judgment/settlement agreement likely could have been properly brought to the Special Masters during the claims process, the trial court still retained the authority to award sanctions for bad faith under its inherent powers. Point denied.

■ In its third point, First Horizon claims that the circuit court erred in granting the Class Counsel's Motion for Fees and Expenses Caused by First Horizon's Bad Faith because Class Counsel lacked standing to bring the motion on their own behalf and for their own benefit and not on behalf of any plaintiff or class member. Class Counsel respond that they were specifically named as party to the settlement agreement for the purposes of those provisions affecting counsel and, specifically, with regard to Paragraph 3 which contained the requirement that all challenges to claims be made in good faith.

■ As a non-party to the action, ordinarily, attorneys lack standing to pursue sanctions of any type on their own behalf. *See Nyer v. Winterthur Int'l*, 290 F.3d 456, 459 (1st Cir.2002); *New York News, Inc. v. Kheel*, 972 F.2d 482, 486 (2nd Cir.1992); *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1307 (9th Cir.1990). Nevertheless, there is authority in Missouri for class counsel to be treated as a party in a class action for purposes of fee decisions and to prosecute appeals of those decisions in their own name. *See In re Alcolac, Inc. Litigation*, 945 S.W.2d 459, 460 (Mo.App. W.D.1997); *In re Alcolac, Inc.*, 903 S.W.2d 680, 681 (Mo.App.1995). Given the unusual circumstances presented herein, where counsel in a class action suit has been named as a party to a settlement agreement incorporated into the trial court's judgment, counsel has effectively been made party to the judgment and, having suffered damages as result of the bad faith of the defendant, possesses a sufficient interest in the enforcement of the judgment to give counsel standing to pursue sanctions. Point denied.

In its final point, First Horizon contends that the circuit court lacked the authority to award attorney's fees because the original judgment set a cap on attorney's fees and because no contract, statute, or other law provided a basis for such an award. As discussed *supra*, the award of sanctions was properly made pursuant to the circuit court's inherent power to sanction bad faith conduct, which could not be negotiated away by the parties or abdicated by the circuit court. Point denied.

The judgment is affirmed.

All concur.