

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| ETHEL BARRY MASTERS, | ) | *Opinion issued April 1, 2025* |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. SC100724 |
| | ) | |
| JACOB DAWSON, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY
The Honorable Joseph L. Walsh III, Judge

Jacob Dawson appeals the St. Louis County circuit court's judgment ordering him to pay actual and punitive damages to Ethel Barry Masters based on her replevin claim against him. Finding Dawson's constitutional claims are unpreserved and the circuit court did not abuse its discretion by sanctioning Dawson given his pattern of obstructive behavior, this Court affirms the circuit court's judgment.

## Factual and Procedural Background

Following his father's death, Dawson assumed possession of four of his father's vehicles.[1] In 2019, Masters, who was the father's long-term companion, filed a petition

---

[1] Initially, Dawson possessed a fifth vehicle included in this dispute. Dawson later conceded Masters owned the fifth vehicle and released it to her.

alleging replevin, conversion, and unjust enrichment resulting from Dawson's refusal to surrender possession of the vehicles. [2]

Dawson moved to dismiss the replevin action, which the court overruled. In his answer to the replevin action, Dawson disputed ownership of the vehicles. Masters served Dawson with a request for admissions. Dawson did not respond.

In 2021, Masters moved for partial summary judgment on her right to possession of the vehicles. Dawson did not timely respond to the summary judgment motion. He then requested leave to file a response out of time, which the circuit court granted. Dawson responded to Masters' statement of uncontroverted facts in a document purporting to respond to Masters' request for admissions, but the document was not supported by exhibits, so the statements in Masters' request for admission were deemed admitted. The circuit court entered partial summary judgment in Masters' favor and ordered Dawson to surrender the vehicles. Dawson did not surrender the vehicles and barricaded them to prevent towing.

Dawson's attorney then sought leave to withdraw. In his motion to withdraw, Dawson's attorney explained he could not continue the representation because it would create an ethical dilemma due to Dawson's willful violation of a court order. The circuit court granted Dawson's attorney leave to withdraw.

---

[2] Masters initially filed a probate action but dismissed it after her counsel advised the proper means of relief was a replevin action in circuit court. Dawson filed a petition asking the director of revenue to declare him the owner of one of the vehicles.

Masters moved for the circuit court to find Dawson in contempt of court, alleging Dawson made himself unavailable on the agreed dates to transfer possession, avoided communication, blockaded the vehicles, and hid the keys. The circuit court overruled Masters' motion.

Dawson retained a second attorney. Masters obtained writs of replevin, which were executed. After Dawson's failure to pay his legal expenses, Dawson's second attorney sought, and was granted, leave to withdraw.

The circuit court scheduled a bench trial for damages on October 27, 2022. On October 26, 2022, Dawson retained a third attorney, who entered his appearance and moved for a continuance. The circuit court sustained the motion for continuance and set a bench trial for December 8, 2022. The bench trial was again continued and reset for January 19, 2023. On January 4, 2023, Dawson filed a demand for a jury trial. The circuit court scheduled a jury trial for damages for February 27, 2023, with a pretrial conference scheduled for February 23, 2023.

Dawson's third attorney filed a motion for leave to withdraw due to Dawson's failure to pay. He sent Dawson an e-mail indicating his intention to withdraw from representation, attaching to the e-mail his motion to withdraw, which noted the pretrial and trial dates. Dawson claims he did not open the documents attached to the e-mail. On the same day he filed the motion to withdraw, Dawson's third attorney moved for a continuance. Prior to trial, the circuit court sustained the third attorney's motion to withdraw but did not grant a continuance.

3

After Dawson failed to appear for the February 23 pretrial conference, the circuit court issued a memorandum and order stating that, because Masters appeared and Dawson failed to appear, Dawson was "adjudged in default" and "the jury trial . . . is therefore cancelled." The circuit court ordered Masters to file an affidavit as to damages by the end of the next day, along with proposed findings for final judgment. The circuit court entered final judgment for Masters on the replevin claim, awarding her $83,035.41 in actual damages and $83,035.41 in punitive damages. The circuit court noted there was clear and convincing evidence sufficient to award punitive damages because Dawson's conduct during the proceedings was contemptuous and awarding damages would serve to deter similar conduct.

Retaining a fourth attorney, Dawson sought a new trial or to vacate, amend, or modify the final judgment. His motion did not raise a constitutional right to a jury trial claim. In the memorandum supporting his motion for new trial, Dawson included a reference to article I, section 22(a) of the Missouri Constitution in a footnote. The circuit court overruled the motions. Dawson appeals.[3]

*Points II, III, and IV: Dawson preserved no constitutional claim of error*

In points II, III, and IV, Dawson argues the circuit court denied his right to a jury trial by misapplying article I, section 22(a) and Rule 62.01. Because Dawson failed to raise these arguments in his motion for new trial or to vacate, amend, or modify the final judgment, his claims are unpreserved.

---

[3] This Court granted transfer after an opinion by the court of appeals. Mo. Const. art. V, sec. 10.

Dawson's motion for new trial raised seven reasons the circuit court should grant a new trial. None of them referenced article I, section 22(a) or the right to a jury trial. Dawson also did not raise the issue in his argument supporting his motion for new trial before the circuit court. Despite the absence of any argument related to the right to a jury trial in his motion, Dawson argues he preserved his argument by incorporating his memorandum in support of the motion for new trial, which included a footnote citing article I, section 22(a).

"It is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question." *Mayes v. Saint Luke's Hosp. of Kan. City*, 430 S.W.3d 260, 267 (Mo. banc 2014) (internal quotation omitted). To preserve any claim in a motion for new trial, "the allegations in the ***motion*** must be sufficient to give the trial court an opportunity to correct its errors, without requiring the court to resort to aid extrinsic to the motion." *Brandt v. Csaki*, 937 S.W.2d 268, 275 (Mo. App. 1996) (emphasis added), *abrogated on other grounds by Sherrer v. Bos. Sci. Corp.*, 609 S.W.3d 697 (Mo. banc 2020). Missouri courts have held a passing reference to an argument in the suggestions supporting a motion for new trial is insufficient to bring the argument to the circuit court's attention. *See Sutton v. McCollum*, 421 S.W.3d 477, 485 (Mo. App. 2013); *Greco v. Robinson*, 747 S.W.2d 730, 734 (Mo. App. 1988).

5

Incorporating various documents into a motion for new trial results in a piecemeal pleading, requiring the circuit court to hunt and pick through documents in an attempt to ascertain the argument the litigant is endeavoring to make. This practice is insufficient to call the circuit court's attention to alleged errors and insufficient to allow the circuit court an opportunity for meaningful review. Because Dawson failed to raise his constitutional claims in his motion, Dawson's arguments are unpreserved for appellate review.[4]

*Point I: The circuit court did not abuse its discretion by sanctioning Dawson*

In point I, Dawson claims the circuit court abused its discretion by cancelling his jury trial due to his nonappearance for a pretrial conference.

**Standard of Review**

"[T]his Court will not overrule the trial court's decision to impose sanctions unless the decision constitutes an abuse of discretion." *Holm v. Wells Fargo Home Mortg., Inc.*, 514 S.W.3d 590, 596 (Mo. banc 2017). "A trial court abuses its discretion only when its ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id*. (internal quotation omitted).

---

[4] Dawson also argues his failure to raise the argument during the motion hearing was due to the circuit court limiting his time. "It is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question." *Mayes*, 430 S.W.3d at 267 (internal quotation omitted). It was Dawson's burden to bring his arguments to the circuit court's attention.

**Analysis**

"A trial court has a broad array of inherent powers." *Mitalovich v. Toomey*, 217 S.W.3d 338, 340 (Mo. App. 2007). "A trial court has the inherent power to enforce compliance with its reasonable orders and may, at its discretion, impose sanctions when they are justified, considering the conduct of the parties and counsel." *Id*. The question is whether the sanctions against Dawson were justified.

Dawson argues the circuit court abused its discretion by cancelling his jury trial due to his failure to appear for the pretrial conference. Dawson claims his failure to appear was due to mistake because he did not open the e-mail attachments his third attorney sent him, which contained the pretrial conference date.

This case has been pending for more than five years. In reviewing the record, it is easy for this Court to ascertain that Dawson has developed a pattern of willfully undermining any attempt at judicial efficiency. The docket is littered with entries reflecting Dawson's failure to answer discovery requests, failure to respond to motions, failure to appear in court, failure to pay his attorneys, failure to comply with court orders, and, most recently, failure to appear for a pretrial conference four days before the rescheduled jury trial. Dawson's failure to appear for the pretrial conference is only the latest action he took to undermine the circuit court's ability to finally resolve Masters' case. By focusing his argument only on the latest example of his disregard for the judicial system, Dawson makes light of his actions. Adopting Dawson's argument would result in this Court turning a blind eye to his pattern of contumacious conduct.

7

While this Court recognizes the inviolate right to a jury trial as memorialized in article I, section 22(a), "[t]rial judges should have authority to move cases expeditiously by controlling their courts . . .." *Foster v. Kohm*, 661 S.W.2d 628, 632 (Mo. App. 1983). Dawson failed to preserve any constitutional claim.[5]  Given his persistent and egregious disregard for the circuit court, this case presents the rare circumstance when the circuit court cancelling Dawson's jury trial was not against the logic of the circumstances, arbitrary, or unreasonable.  The circuit court did not abuse its discretion by sanctioning Dawson.

## Conclusion

This Court affirms the circuit court's judgment.

_____
KELLY C. BRONIEC, JUDGE

All concur.

---

[5] This Court does not address whether the circuit court's cancellation of the jury trial and entrance of a judgment violated Dawson's right to jury trial, had he preserved the issue.